THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* GARY WILLIAMS, Defendant-Appellee.

First District (1st Division)    No. 77-1526

Opinion filed October 23, 1978.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, James S. Veldman, and Joseph P. Quirk, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Brian L. Heise and Timothy P. O'Neill, Assistant Public Defenders, of counsel), for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant Gary Williams was charged with attempt auto theft. After several continuances the cause was set for trial on August 3, 1977. On that date, however, the complaining witness failed to appear. Thereafter, the trial court not only denied the State's request for a continuance, but also dismissed the cause against the defendant with prejudice. The trial court dismissed the cause against the defendant because (1) the complaining witness failed to appear and (2) the court doubted the arresting officer's credibility as to whether the complainant had been present on all previous occasions.

Pursuant to Rule 604 of the Supreme Court Rules the State filed an appeal. On appeal the State argues that the trial court abused its discretion in (1) denying its request for a continuance and (2) in dismissing the cause against the defendant since it was not made pursuant to written motion and was contrary to statute.

We reverse and remand.

The facts are not disputed. On May 18, 1977, defendant Gary Williams was charged with attempt auto theft. Having failed to post bond, defendant was taken into custody and the cause was set for trial on May

24. On May 24, on a motion by the State, the cause was postponed and set for trial on June 1. The next day, May 25, defendant posted bond and was released. On June 1, the defendant moved for a continuance and the cause was set for trial on June 17. However, on June 17, the defendant failed to appear in court. His bond was then forfeited and a warrant was issued for his arrest.

On July 21, 1977, judgment was entered on the bond forfeiture and defendant was arrested on July 26. On July 27, he was again brought before the trial court. Because the State did not have sufficient time to contact the arresting officer, the trial court continued the cause until August 3, 1977.

When the case was called on August 3, the complaining witness was not present. Subsequently, the trial court denied the State's request for a continuance and dismissed the cause with prejudice. In explaining its reasons for dismissing the case, the trial judge stated:

> "One of the reasons is because the complainant is not here; number two, the [arresting] officer gave me a snow job as to the complainant being here all the time, so how can I believe him?"

Pursuant to Supreme Court Rule 604, the State appealed. The State contends that the trial judge abused his discretion in denying the motion for a continuance and improperly discharged the defendant for want of prosecution.

Because we have decided that it was improper for the trial judge to discharge the defendant for want of prosecution, we find it unnecessary to address the denial of the continuance.

In *People v. Shick* (1968), 101 Ill. App. 2d 377, 243 N.E.2d 285, a case almost identical to the one at bar, we held that a trial court may not enter a judgment of acquittal and discharge a defendant until the State has had an opportunity to present all of its evidence. We also noted that the only grounds which authorize the discharge of a defendant, upon written motion, are those enumerated in section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—1). Of these, we held none could be construed as including a dismissal for want of prosecution. Accordingly, we held that the trial judge exceeded his authority in discharging the defendant for want of prosecution.

Based on *Shick*, we must likewise conclude that the dismissal of the cause against the defendant for want of prosecution was also improper in the instant case. Not only was the dismissal unauthorized under section 114—1, but as in *Shick*, no written motion was made and further, the State was not allowed to present all of its evidence.

Defendant cites *People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244, for the proposition that a trial court may dismiss a charge prior to trial, absent statutory authority, where there has been an "unequivocally

clear denial of due process." *Lawson* specifically distinguished cases such as *Shick* as not involving a due process question. Similarly, the instant case does not involve a due process question and *Lawson* is therefore not applicable.

For the foregoing reasons, the order of the circuit court of Cook County is reversed and the cause remanded.

Order reversed; cause remanded.

GOLDBERG, P. J. and O'CONNOR, J., concur.