(No. 53083.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. WILLIAM PHIPPS, Appellee.

*Opinion filed December 1, 1980.*

Tyrone C. Fahner and William J. Scott, Attorneys General, of Springfield, and Roger Thompson, State's Attorney, of Lincoln (Melbourne A. Noel and Donald B. Mackay, Assistant Attorneys General, of Chicago, and Gary J. Anderson, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

Fuller, Hopp & Barr, P.C., of Decatur (Richard W. Hopp, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The defendant, William Phipps, was charged by information on September 25, 1978, with cruelty to persons (Ill. Rev. Stat. 1977, ch. 23, par. 2368), maltreatment of a mentally retarded person (Ill. Rev. Stat. 1977, ch. 91½, par. 15—1), and battery (Ill. Rev. Stat. 1977, ch. 38, par.

12—3(a)(1)). It was alleged by the State that the defendant repeatedly struck a retarded resident of the Lincoln Developmental Center with a belt, while the defendant was an employee of the Center. The defendant filed a pretrial motion for discovery in the circuit court of Logan County on November 16, 1978, to request, *inter alia,* the names and addresses of all persons to be called as witnesses by the State. The State responded with the names and addresses of 20 potential witnesses. The defendant then filed, on January 15, 1979, a motion for additional discovery to request copies of the personnel files of seven potential witnesses who resided at the Center, six of whom were said to be eyewitnesses to the offenses alleged herein. The personnel files were said to contain mental evaluations of each of the seven residents, including intelligence quotients, statements as to the witnesses' capacity for the truth, and other relevant information. In an order entered on February 14, 1979, the court ordered the State to provide the defendant with copies of all personnel files of prosecution witnesses who are residents of the Lincoln Developmental Center. Thereafter, on March 7, 1979, the State filed a motion to reconsider the order of discovery. In its motion the State represented that the personnel files of the seven potential witnesses were in the possession and control of the Illinois Department of Mental Health and Developmental Disabilities. Moreover, it was stated that the Department had notified the State's Attorney that the files were confidential and privileged under the Mental Health and Developmental Disabilities Confidentiality Act (Ill. Rev. Stat. 1979, ch. 91½, par. 810), which became effective January 1, 1979. The State's motion to reconsider also stated that the State did have in its possession psychological reports based upon psychological examinations of the witnesses, which reports were requested by the prosecution in preparation for trial. The State asked the court to decide whether there existed a conflict between the

Mental Health and Developmental Disabilities Confidentiality Act (Ill. Rev. Stat. 1979, ch. 91½, pars. 801 through 817) and Supreme Court Rule 412(a)(iv) (73 Ill. 2d R. 412(a)(iv)) regarding disclosure to the accused. The State also requested the court to decide whether the State could properly turn over the personnel files and the psychological reports without violating the Act.

The court's order of April 16, 1979, concluded that no conflict existed between the discovery rules and the Act. The court stated that the Act does not forbid the production of the material; it merely gives the patient or his therapist a privilege to prevent disclosure. It was concluded by the court that since every defendant in a criminal trial is guaranteed the right to effective cross-examination, any witness invoking the privilege, or on whose behalf the privilege was invoked, would not be permitted to testify. The State appealed the court's order. With one justice concurring in part and dissenting in part, the appellate court dismissed the State's appeal on the ground the State lacked the authority to appeal. 79 Ill. App. 3d 532, 538.

The issue on this appeal is very narrow. It is simply whether the State may take an interlocutory appeal from the trial court's pretrial order. In our recent decision in *People v. Young* (1980), 82 Ill. 2d 234, we held "that Rule 604(a)(1) allows an interlocutory appeal by the State of a pretrial suppression order whenever the prosecutor certifies to the trial court that the suppression substantially impairs the State's ability to prosecute the case." (*People v. Young* (1980), 82 Ill. 2d 234, 247.) The court stated that "suppressed evidence" is to have a broader meaning than evidence which is illegally obtained. (82 Ill. 2d 234, 242-43, 246.) Thus, the instant inquiry is whether the trial court's order could be considered to have *suppressed* evidence.

We think that in its substantive effect, rather than simply its form, the trial court's order in this case does

operate to prevent evidence from being admitted. The court's order states that no testimony will be permitted to be taken from the witnesses unless the witnesses take the affirmative act of waiving their privilege and turn over the files and reports to the defense. Hence, as presently constituted, the trial would proceed without these witnesses unless some further acts were performed. Evidence is thus being "suppressed" as of the moment. Moreover, there is no intimation in the record as to whether the privilege would be waived by the witnesses; it is likely, however, that, by the time such knowledge is obtained, the trial will have begun and jeopardy will have attached. In *Young* it was noted that the reason for the newly announced rule is to allow a resolution of issues *prior* to trial and thus before jeopardy attaches. (82 Ill. 2d 234, 248.) We conclude therefore that the State may appeal the trial court's order. In *People v. Young* we waived the certification requirement for cases presently pending in the appellate court. The same waiver applies here. We of course take no position as to the merits of the case. It is for the appellate court to decide the substantive issues in the case.

Finally, an issue was raised in oral argument as to whether the defendant requested the files and reports from the State prior to the effective date of the Act. Since the issue is not properly presented on the appeal to this court, we do not discuss it.

Accordingly, for the reasons stated, the judgment of the appellate court is reversed and the cause is remanded to the appellate court for further proceedings consistent with this opinion.

*Reversed and remanded,*
*with directions.*