THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JEANNE TOMASELLO, Defendant-Appellee.

Second District    Nos. 80-441, 80-661 cons.

Opinion filed July 23, 1981.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson and Barbara A. Preiner, Assistant State's Attorneys, of counsel), for the People.

George P. Lynch, of Chicago, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

The State appeals from two orders of the Circuit Court of Du Page County which were entered in the prosecution of defendant, Jeanne Tomasello, for distribution of cocaine in violation of the Controlled Substance Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401). The trial court dismissed for lack of a speedy trial counts 1 and 3 of indictment No. 75-4813-G and count 1 of indictment No. 79 CF 1667. The trial court also granted the defendant's motion to strike the testimony of witnesses against her and exhibits admitted into evidence at the trial of count 2 of indictment No. 75-4813-G. We granted leave to consolidate these issues on appeal.

Because this appeal involves a determination of whether the speedy-trial term expired, a detailed factual statement is in order. On August 6, 1975, defendant was arrested and charged by complaint with unlawful delivery of a controlled substance on four separate occasions. The defendant's bail bond required her to appear before the Circuit Court of Du Page County on August 14, 1975. On that date, it appears that the defendant made a demand for trial, although there is no written or oral demand in the record before us. This omission is attributed to fragmenting of the record due to two prior appeals in this same prosecution which this court decided by orders entered under Supreme Court Rule 23. (See *People v. Tomasello* (1979), 73 Ill. App. 3d 1110, 395 N.E.2d 1248;

*People v. Tomasello* (1977), 49 Ill. App. 3d 1129, 368 N.E.2d 230 (per curiam).) A preliminary hearing was held on September 16, 1975. On that date probable cause to hold the defendant for trial was found and defendant's attorney demanded trial. The transcript from those proceedings contains a reference to the earlier demand made by defendant on August 14, 1975:

> "MR. ROCCO [defendant's attorney]: Your Honor, on behalf of both [another person was named as a co-defendant in two of the four offenses] defendants I would demand trial.
>
> THE COURT: In all cases, counsel?
>
> MR. ROCCO: Yes, your Honor.
>
> THE COURT: All right.
>
> Will you give me a written Demand?
>
> MR. ROCCO: Yes, your Honor.
>
> MR. STOGSDILL [Assistant State's Attorney]: May the record indicate that was already done on the 14th?
>
> THE COURT: All right.
>
> To be clear in the record, counsel, prepare a new Demand in each of the four cases.
>
> MR. ROCCO: Yes, your Honor."

Thus there was a demand for trial on August 14, 1975, and the speedy-trial term would then have expired 160 days thereafter, or approximately January 24, 1976. This assumes, of course, that no event intervened to toll the period. See discussion below.

On October 30, 1975, a four-count indictment was filed against defendant for four separate deliveries of cocaine to Agent Charles Doerr occurring during July 1975. This indictment was numbered 75-4813-G. Counts II and IV of this indictment charged Class I felonies; counts I and III charged Class II felonies.

Arraignment was set for November 19, 1975, but on that day Mr. Edward Ward appeared on behalf of defense attorney Rocco and stated that defendant had not appeared as he had expected and he did not know her so as to be able to find her in the courthouse. The court asked the State if it wished to continue the matter. The State assented, and the date was set for November 26, 1975. After that date there were two delays not relevant to our discussion because we note that if the delay of November 19, 1975, is attributed to defendant, then another 160-day term would end approximately May 6, 1976 (160 days after November 26, 1975).

On February 25, 1976, the defendant's attorney failed to appear. The trial court set the cause for the next day. On February 26, 1976, the defendant's attorney was again absent and the trial court said:

> "THE COURT: * * * there is no use pushing you people by

having you come back every day. At least I got a call from his secretary, your attorney's secretary yesterday afternoon."

The court then set the case down for March 3, 1976. Charging this delay to the defendant, the speedy-trial term would then expire approximately August 13, 1976.

Following that, there were a number of continuances which the State attributes to the defendant. The latest of these occurred on April 14, 1976, due to the appearance of new counsel on behalf of defendant, Adam Bourgeois, and the fact that a preplea investigation report was requested by defendant. Finally, on June 1, 1976, the State amended count 2 of indictment No. 75-4813-G to allege a Class 2 felony rather than a Class 1 felony, and defendant pleaded guilty to counts 1, 2, and 3 of that indictment. On June 23, 1976, defendant was sentenced to 2 to 5 years in the penitentiary for each count, sentences to be served concurrently, and the State nol-prossed count 4 of the indictment. Defendant then filed a written demand for speedy trial. According to the State's brief, this is the only demand of record but, as noted above, there clearly were at least two prior demands on August 14, 1975, and September 16, 1975. Defendant filed a notice of appeal on July 2, 1976, but for nearly a year the appeal was not prosecuted.

On May 10, 1977, defendant's attorney withdrew and her attorney in this court, George Lynch, appeared. A late notice of appeal was filed and this court, in a per curiam opinion, remanded the case to the trial court to allow defendant to move to vacate her guilty plea. (*People v. Tomasello* (1977), 49 Ill. App. 3d 1129, 368 N.E.2d 230.) The State admitted that defendant had not been admonished pursuant to Supreme Court Rule 605(b)(2) (73 Ill. 2d R. 605(b)(2)).

On remand, defendant filed a motion to vacate her plea, and the motion was granted on September 21, 1977. Defendant entered pleas of not guilty to counts 1 and 3. The State then moved to re-amend count 2 of the indictment to again allege a Class 1 felony and to reinstate count 4, which had previously been nol-prossed. These motions were denied, and on November 14, 1977, the State filed a notice of appeal. Approximately 1½ years later, this court decided the second appeal to arise from this case. We reversed the trial court's refusal to reinstate count 2 and ordered that count 2 be reinstated as a Class 1 felony, but affirmed the denial of the State's motion to reinstate count 4. (*People v. Tomasello* (1979), 73 Ill. App. 3d 1110, 395 N.E.2d 1248.) Our mandate was issued August 2, 1979.

At this juncture, we note the following. If we were to compute the speedy trial term for each count separately, an assumption defendant asks the court to make, then the terms for counts 1 and 3 would begin to run anew from the date of our mandate after the defendant's appeal, *i.e.,*

the first appeal. That date was October 5, 1977; thus, the terms would expire (160 days later) approximately March 15, 1978, unless the periods were tolled by the State's appeal on November 14, 1977, of the trial court's rulings on counts 2 and 4. If the periods for all four counts were tolled by the State's appeal, then a new 160-day period would begin to run from the date of our mandate after the second appeal, *i.e.*, August 2, 1979. The new period would terminate approximately January 12, 1980.

The case was placed on the trial call, but the parties agreed to two continuances during this period. And, on September 4, 1979, the defense attorney orally and by written motion withdrew defendant's previous demand for trial. Examination of the record reveals no trial demands made subsequent to this date.

On September 27, 1979, the Du Page County grand jury returned an indictment against defendant for the act which had previously been the subject of count 4 of the prior indictment No. 75-4813-G. It will be recalled that count 4 had been nol-prossed, and because the appellate court affirmed the trial court's refusal to reinstate the charge, a new indictment was returned. This second indictment is numbered No. 79 CF 1667.

On October 3, 1979, the defendant asked for a continuance to file motions and was given until November 5, 1979. On that date, defendant filed 6 motions instanter. On March 24, 1980, the trial court dismissed counts 1 and 3 of indictment No. 75-4813-G and count 1 of indictment No. 79 CF 1667 (also known as count 4 of indictment No. 75-4813-G) for the State's failure to comply with the speedy-trial act. The State appeals from these dismissals.

Count 2 of indictment No. 75-4813-G was set for trial. The defendant waived a jury trial and trial commenced on June 25, 1980. After the State rested the trial court granted defendant's motion to strike testimony and suppress evidence on the ground that the State violated "An Act in relation to the employment of detectives or investigators by public officials" (Ill. Rev. Stat. 1977, ch. 111, par. 2701). The trial court then suspended the proceedings pursuant to section 114—12 of the Criminal Code (Ill. Rev. Stat. 1979, ch. 38, par. 114—12), and the State also appeals that ruling.

I

The State argues that the trial court erroneously dismissed counts 1 and 3 of No. 75-4813-G and count 1 of No. 79 CF 1667. For purposes of discussion, the dismissal of counts 1 and 3 of No. 75-4813-G will be analyzed separately from the dismissal of count 1 of No. 79 CF 1667.

■■ The Illinois Code of Criminal Procedure provides that a person on bail or recognizance shall be tried within 160 days from the date he

demands trial, unless delay is occasioned by defendant or by an interlocutory appeal or by other exceptions not pertinent to this case. (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b).) With respect to offenses committed on or after March 1, 1977, delay occasioned by the defendant only temporarily suspends, for the time of the delay, the period in which the defendant is to be tried. (Ill. Rev. Stat. 1977, ch. 38, par. 103—5(f).) But where the offense charged was allegedly committed before March 1, 1977, any delay occasioned by the defendant or by an appeal by the defendant or by the State tolls the statute and a new 160-day period begins to run from the date to which the matter is continued or from the date of the mandate of the appellate court. (See *People v. Day* (1979), 76 Ill. App. 3d 571, 394 N.E.2d 1378 (delay occasioned by defendant); *People v. Baskin* (1967), 38 Ill. 2d 141, 230 N.E.2d 208 (appeal by defendant); Supreme Court Rule 604(a)(4) (73 Ill. 2d R. 604(a)(4)) (appeal by State).) The facts of our case require that the later and stricter rule apply.

We hold that at no time did the 160-day period lapse with regard to counts 1 and 3 of the original indictment. The defendant demanded trial on August 14, 1975, but neither she nor her attorney of record were present at her November 19, 1975, arraignment, so the trial court continued the matter until November 26, 1975. If this delay is attributable to the defendant then the term ended May 6, 1976. If the delay is not attributable to defendant, then the term ended January 24, 1976, or 160 days after defendant's August 14, 1975, demand.

■■ In the case of *People v. Fosdick* (1967), 36 Ill. 2d 524, 528-29, 224 N.E.2d 242, 246, the court stated the applicable rule when considering if the delay in the trial was "occasioned by the defendant."

> "In determining this question, the criterion in each case is whether the defendant's acts in fact caused or contributed to the delay. In the varied fact situations that involve the 120-day rule, we have carefully examined the facts to prevent a 'mockery of justice' either by technical evasion of the right to speedy trial by the State, or by a discharge of a defendant by a delay in fact caused by him."

*People v. Hayes* (1977), 48 Ill. App. 3d 459, 363 N.E.2d 84, held that where defendant failed to appear on the date to which the cause was continued for fixing of bond, the delay was properly attributable to him. Moreover, delays occasioned by the failure of defense counsel to appear at a hearing are attributable to defendant. (*People v. Spurlark* (1979), 74 Ill. App. 3d 43, 392 N.E.2d 214.) We do not think Mr. Ward, the attorney appearing for Mr. Rocco on November 19, 1975, intended to proceed without defendant. Certainly he did not demand that the arraignment proceed. Though he did not specifically request a continuance, we think it fair to say that the continuance entered after Mr. Ward stated he could not find

the defendant at the courthouse was in fact caused by the defendant and therefore properly attributable to her within the rules of *Fosdick, Hayes,* and *Spurlark.* Thus, the next speedy-trial term would end May 6, 1976.

Yet on April 14, 1976, there was another continuance attributable to defendant when new counsel appeared on her behalf and requested a preplea report and a continuance was granted until June 1, 1976. (*Fosdick.*) On June 1, 1976, defendant pleaded guilty, thus waiving the 160-day rule with respect to counts 1, 2, and 3 (count 4 was nol-prossed). (*People v. George* (1979), 71 Ill. App. 3d 932, 390 N.E.2d 586.) Defendant appealed, and the appellate court mandate issued October 5, 1977. At this point, the period began to run anew. *Baskin.*

The State argues that its November 14, 1977, appeal of the trial court's refusal to reinstate count 2 as a Class 1 felony and to reinstate count 4 (which had been nol-prossed) tolled the statutory period until the second appellate mandate was issued on August 2, 1979. Defendant contends that because the indictment was multiplicious, the speedy-trial terms for counts 1 and 3 expired 160 days after October 5, 1977, although she concedes that the terms for the counts which were the subject of the second appeal, counts 2 and 4, might have been tolled.

■■ We think this argument ignores the fact that until November 5, 1979, defendant had made no objection on the ground of misjoinder. Thus, the indictment is properly considered to be subject to only one speedy-trial determination. This single term was tolled by the State's 1977 appeal, and we do not commence to measure a new 160-day period until the second appellate mandate, August 2, 1979.

On November 5, 1979, defendant made a motion to dismiss the indictment stating, *inter alia,* that each count could be tried separately and thus the indictment was multiplicious. The trial court heard argument and granted the motion to dismiss counts 1 and 3 of No. 75-4813-G and count 1 of No. 79 CF 1667 on speedy-trial grounds. In view of the above, this was error. Though we are mindful that the speedy-trial act is to be liberally construed so as not to be nullified by technical evasions by the State (*Fosdick*), we do not believe that the sheer length of time between the defendant's original trial demand in 1975 and the trial court's dismissal in 1980 mandates dismissal of the cause. This was apparently the basis for the trial court's ruling. We have computed the 160-day term, and we find no violation. Much of the delay was attributable to the defendant's own appeal and to her frequent continuance requests. It would be improper to allow defendant to escape prosecution under these circumstances. See *Fosdick.*

Because we can affirm on any ground, we now consider defendant's argument that the trial court properly granted her motion to dismiss on the ground that the indictment improperly joined counts 1 and 3.

Indictments may charge different offenses in separate counts if the crimes are "based on the same transaction." (Ill. Rev. Stat. 1975, ch. 38, par. 111—4(a).) A defendant may not be placed on trial, over his timely objection, on an indictment charging separate offenses when it appears these offenses are not part of the same transaction but are "separate and distinct both in law and fact." *People v. Bricker* (1974), 23 Ill. App. 3d 394, 396, 319 N.E.2d 255, 258 (quoting *People v. Fleming* (1970), 121 Ill. App. 2d 97, 102, 257 N.E.2d 271, 273).

■■ Without expressing an opinion on the question of whether counts 1 and 3 were improperly joined, the granting of the motion to dismiss was improper. The grounds upon which the trial court may dismiss a charge are enumerated in subsections 1 through 10 of section 114—1(a) of the Code of Criminal Procedure. (Ill. Rev. Stat. 1977, ch. 38, par. 114—1(a)(1)-(10).) It is apparent that dismissal of an indictment because of the State's misjoinder of unrelated offenses is not among the grounds set forth in that section. Although a trial court does have inherent authority to dismiss an indictment in a criminal case where there has been a clear denial of due process (*People v. Lawson* (1977), 67 Ill. 2d 449, 367 N.E.2d 1244), this is not an appropriate case for the exercise of such authority. (See *People v. Williams* (1978), 65 Ill. App. 3d 247, 382 N.E.2d 576 (dismissal for want of prosecution unauthorized; due process question not involved); *People v. Turner* (1976), 36 Ill. App. 3d 77, 343 N.E.2d 267 (misjoinder of offenses is a formal defect and defendant must move for a severance or waive issue).) Moreover, section 111—5 of the Code prohibits the dismissal of an indictment because of misjoinder of offenses. (Ill. Rev. Stat. 1975, ch. 38, par. 111—5.) Thus we reverse the trial court's dismissal of counts 1 and 3 of the indictment.

Turning our attention to the propriety of the dismissal of count I of No. 79 CF 1667 (also known as count 4), it will be seen that the original count 4 had been nol-prossed on June 23, 1976. Defendant appealed from her convictions of counts 1, 2, and 3 and was allowed to vacate her guilty plea. After the first appellate decision (*People v. Tomasello* (1977), 49 Ill. App. 3d 1129, 368 N.E.2d 230 (Rule 23 order)), the State promptly moved to reinstate count 4 (and made a motion regarding count 2) and was denied. The second appellate decision in this case (*People v. Tomasello* (1979), 73 Ill. App. 3d 1110, 395 N.E.2d 1248 (Rule 23 order)) affirmed the refusal to reinstate count 4, ruling that although the nol-pros of count 4 was not entered pursuant to a plea agreement with defendant, the trial court lost jurisdiction to reinstate the count after 30 days from its dismissal. This court was careful to note, however, that the nol-pros did not bar subsequent prosecution for the same offense, stating, "It leaves the case in the same condition as before prosecution."

■■ We decline to decide the question of whether the defense attorney's

September 4, 1979, waiver of all trial demands served to nullify any existing speedy-trial violation in the prosecution of the new indictment. Instead we affirm the dismissal of No. 79 CF 1667 on the ground that it failed to allege that the three-year felony statute of limitations had not run on the July 24, 1975, offense. Our supreme court recently refused to adopt the minority rule which does not require limitation-tolling facts to be alleged in an indictment. In *People v. Strait* (1978), 72 Ill. 2d 503, 381 N.E.2d 692, the court held that an information which showed on its face that the alleged offense was committed beyond the limitations period was defective where it failed to allege facts which would have tolled the period. The Illinois rule requires that tolling facts be pleaded and clearly no such facts were pleaded by indictment No. 79 CF 1667. Thus, the indictment was subject to dismissal (Ill. Rev. Stat. 1979, ch. 38, par. 114—1), and the trial court's ruling on this indictment is affirmed.

## II

Count 2 of indictment No. 75-4813-G proceeded to trial. After the State rested, defendant moved to strike testimony and other evidence. The trial court found that the State had violated the Illinois statute governing the appropriate compensation to be paid detectives and investigators and granted the motion. This statute provides:

> "No State, county or municipal officer, whose duty it is to investigate the commission of any crime or to prosecute persons accused of crime, shall employ any detective or investigator on a compensation basis other than that of time, and in no event shall compensation to such persons be contingent on the success of the investigation or prosecution. Evidence obtained in violation of this act shall be inadmissible in any court in this State for any purpose and any person employed in violation of this act shall be incompetent to testify in any such court as to any information or evidence acquired by him in such employment." (Ill. Rev. Stat. 1975, ch. 111, par. 2701.)

The State argues that the trial court erroneously determined that Mr. Larry King, who appeared as a witness for the defendant, was an investigator or detective. The defendant contends that Mr. King's role in the investigation of Jeanne Tomasello was so active that he could properly be considered an investigator. Defendant also urges that the State's appeal be dismissed.

Turning to defendant's argument in favor of dismissing the appeal, we are cognizant of Supreme Court Rule 604(a)(1) which states:

> "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the

Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or *suppressing evidence*." (Emphasis added.) 73 Ill. 2d R. 604(a)(1).

The issue of defining that which constitutes an order of suppression, within the meaning of Rule 604(a)(1), has proven problematic. (Compare *People v. Phipps* (1979), 79 Ill. App. 3d 532, 398 N.E.2d 650, *reversed* (1980), 83 Ill. 2d 87, 413 N.E.2d 1277 (precluding appeal from orders excluding evidence on grounds other than the illegality of a search and seizure or the involuntariness of a confession), with *People v. Shipp* (1968), 96 Ill. App. 2d 364, 239 N.E.2d 296 (appealability of suppression orders depends upon trial court determination that its ruling will block prosecution).) *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501, and *People v. Flatt* (1980), 82 Ill. 2d 250, 412 N.E.2d 509, represent the supreme court's most recent attempt to resolve the difficult question of when the State can appeal the granting of a motion to suppress. The *Young* and *Flatt* opinions expressly rejected the rationale of *People v. Thady* (1971), 133 Ill. App. 2d 795, 270 N.E.2d 861, in which it was determined that the State's right to appeal was confined to motions to suppress based upon either section 114—11 (involuntary confessions) or section 114—12 (illegal search and seizure) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, pars. 114—11, 114—12).

The rule which has emerged from *Young* and *Flatt* is that the distinction between suppression of evidence based upon statutory and upon constitutional grounds does not affect appealability. (See *People v. Phipps* (1980), 83 Ill. 2d 87, 413 N.E.2d 1277; *People v. Weissinger* (1980), 90 Ill. App. 3d 700, 413 N.E.2d 497.) The State may appeal from either pretrial orders (*Young*) or orders entered during trial (*Flatt*) which operate to prevent the admission of evidence where the prosecutor certifies that the ruling substantially impairs the State's ability to proceed with the case.

But the *Flatt* holding differs from the rule in its companion case, *People v. Young*, in that the latter allows appeal from the *merits* of all pretrial suppressions, whereas the former limits full review of trial suppressions to only those granted pursuant to section 114—12(c) of the Code. That provision mandates that motions to suppress on what may be termed fourth amendment grounds be made before trial unless "opportunity therefor did not exist or the defendant was not aware of the grounds for the motion." (Ill. Rev. Stat. 1979, ch. 38, par. 114—12(c).) According to *Flatt*, the defendant's right to make motions to suppress after the trial has begun is limited to those constitutional objections authorized by section 114—12(c). (*Flatt*, 82 Ill. 2d 250, 263, 412 N.E.2d 509, 516 ("we view section 114—12(c) as authorizing, to a limited extent,

the defendant to make a motion to suppress after the trial has commenced").) The *Flatt* court held that the trial court may not consider during the trial a motion not within the ambit of section 114—12(c). If such a motion is wrongfully considered the State is permitted a review not of the merits of the ruling but of the authority of the trial court to entertain the suppression motion. The supreme court reasoned:

> "Since the right of a defendant to file motions to suppress after the trial has commenced is limited by the provisions of section 114—12(c), the State's right to appeal [the merits of] suppression orders during trial is limited to orders entered allowing these motions." *Flatt*, 82 Ill. 2d 250, 264, 412 N.E.2d 509, 516.)

Where the appellate court determines that the order complained of by the State was not within section 114—12(c) and thus should not have been entertained during trial, the appropriate remedy is to vacate the order and remand the cause for the continuation of the trial. *Flatt.*

■■ ■ Applying *Flatt* to the instant appeal, we find that the trial court entered an order granting defendant's motion to strike testimony and suppress other evidence. We view this order as one suppressing evidence within the meaning of Rule 604(a)(1) because its substantive effect is to prevent evidence from being admitted. (See *People v. Phipps* (1980), 83 Ill. 2d 87, 413 N.E.2d 1277.) But, because defendant's motion to suppress was not based upon the constitutional grounds enumerated in section 114—12 of the Code, the trial court had no authority to entertain the motion during trial. (*Flatt.*) "Interruption of a trial for the determination of a motion to suppress based on a collateral issue other than as authorized by section 114—12(c) is impermissible." (*Flatt*, 82 Ill. 2d 250, 266, 412 N.E.2d 509, 517.) Although the State's right to review of such orders is limited to rulings certified by the State as impairing its ability to prosecute the case, the certification requirement was waived by the Illinois Supreme Court for cases presently pending in the appellate court. (*Young.*) Before us is such a case. Therefore, the State's failure to certify the issue is not fatal to its appeal, and, consistent with the dictates of *Flatt*, we vacate the order granting defendant's motion and remand the cause for a continuation of the trial.

Accordingly, the judgment of the Circuit Court of Du Page County is reversed in part, affirmed in part, and vacated and remanded in part.

Reversed in part, affirmed in part, and vacated and remanded in part.

SEIDENFELD, P. J., and NASH, J., concur.