THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
SUSAN DAVIDSON, Defendant-Appellee.

Fifth District   No. 82—125

Opinion filed July 8, 1983.

Tyrone C. Fahner, Attorney General, of Springfield (Mark L. Rotert and Marcia L. Friedl, Assistant Attorneys General, of counsel), for the People.

Donald E. Groshong and G. Edward Moorman, both of Groshong, Moorman & Fahrenkamp, Ltd., of East Alton, for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

This is an interlocutory appeal by the People from two orders which the circuit court of Madison County entered during trial. The People raise three issues for review: first, whether the trial court was without authority after trial had commenced to rule on motions raising issues collateral to a determination of the defendant's guilt or innocence; second, whether the trial court violated principles of collat-

eral estoppel in barring testimony by a State's witness; and third, whether the trial court's orders were substantively erroneous. The defendant's brief raises the additional issue of whether this court has jurisdiction over the instant appeal which, she contends, is from mid-trial evidentiary rulings unappealable under Supreme Court Rule 604(a) (87 Ill. 2d R. 604(a)). For the reasons which follow, we vacate the orders of the circuit court and remand for a continuation of the trial.

The defendant was charged by information with the offenses of murder under an accountability theory, solicitation, and conspiracy. The charges stemmed from the murder of the defendant's husband on October 31, 1979. Letters purporting to have been written by the defendant to her alleged paramour and co-conspirator, William Gill, were discovered by the prosecution and obtained pursuant to a search warrant. The circuit court subsequently ordered the defendant to execute handwriting exemplars for comparison with the letters. Monica Westbrook, an employee at the same law firm which employed the defendant as a secretary, allegedly overheard an inculpatory conversation at the law firm's office between the defendant and a lawyer with the firm. A motion to suppress both the letters and Westbrook's testimony contended that the items were procured as a result of an illegal search and seizure. A hearing on this motion was held and arguments heard before Judge Matoesian, who denied the motion on May 5, 1981. Judge Matoesian thereafter recused himself from the case, after the defense filed a motion for substitution. After the jury had been impaneled and some testimony received, the defendant orally moved to exclude the handwriting exemplars from evidence on the grounds that compelling the defendant to write verbatim excerpts from some of the letters violated the defendant's fifth amendment rights and that the copied statements were inflammatory and therefore prejudicial. The defendant also moved to exclude Westbrook's testimony on the basis of an asserted attorney-client privilege. The trial court orally allowed both motions. The State moved for a mistrial so that an interlocutory appeal could be taken from the orders. This motion was also allowed by the trial court. The prosecutor subsequently filed a certificate of substantial impairment.

The People first challenge the authority of the trial court to rule on the defendant's oral motions after trial had begun. This issue is interrelated with the defendant's question of our jurisdiction to hear this appeal and the two issues will be discussed together. The State's right to appeal from midtrial orders was explained by the supreme court in *People v. Flatt* (1980), 82 Ill. 2d 250, 412 N.E.2d 509. The

supreme court there noted that a defendant's right to file motions to suppress after trial has commenced is limited by section 114—12 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—12). (82 Ill. 2d 250, 264.) Under the statute, the trial court has discretion to entertain a motion to suppress even though made during trial, providing the motion alleges that the evidence was illegally seized. (82 Ill. 2d 250,262.) The State's right to appeal from orders granting such motions is governed by Supreme Court Rule 604 which provides in relevant part that "[i]n criminal cases the State may appeal only from an order or judgment the substantive effect of which results in *** suppressing evidence." (87 Ill. 2d R. 604(a)(1).) The *Flatt* court reasoned that because

> "the right of a defendant to file motions to suppress after the trial has commenced is limited by the provisions of section 114—12(c), the State's right to appeal from suppression orders during trial is limited to orders entered allowing these motions. However, some review must be given the prosecution of orders entered granting motions to suppress not authorized under section 114—12(c) which should have been made prior to trial. If the reviewing court determines that the motion was not within the ambit of section 114—12(c) and that the court wrongfully considered it during the trial, the State must be permitted a review of the authority of the court to enter the suppression order, even if it did not involve illegally seized evidence and section 114—12(c) of the Code of Criminal Procedure of 1963. The review would not, in such a case, be of the merits of the court's ruling but rather would concern the trial court's authority to entertain the motion." 82 Ill. 2d 250, 264.

■■ The first step in analyzing the instant case is to determine whether the State may seek appellate review of the trial court's rulings. Whether a ruling which operates to prevent the admission of evidence is reviewable in the appellate court is determined solely by the prosecutor's certificate of substantial impairment. (82 Ill. 2d 250, 264; see *People v. Tomasello* (1981), 98 Ill. App. 3d 588, 597, 424 N.E.2d 785.) This conclusion is bolstered by the supreme court's holding in *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501. The court there stated that

> "Rule 604(a)(1) allows an interlocutory appeal by the State of a pretrial suppression order *whenever the prosecutor certifies to the trial court that the suppression substantially impairs the State's ability to prosecute the case.* Our intention in requiring this certification is not to formulate a standard by which courts

may determine the appealability of a particular order. As this court noted in *Van De Rostyne*, that would indeed be a heavy burden, one which we do not believe justified by the marginal diminution in the number of appeals which we anticipate such a procedure would produce. *Instead we rely solely upon the good-faith evaluation by the prosecutor of the impact of the suppression order on his case."* (Emphasis added.) (*People v. Young* (1980), 82 Ill. 2d 234, 247.)

While *Young* applied this rule to pretrial orders, *Flatt* expressly adopted the rule in connection with midtrial rulings. "The right of such review, however, does not extend to rulings which do no more than exclude evidence made during trial but must be limited to rulings which substantially impair the State's ability to prosecute the case *as shown by the certificate of the prosecutor* following the rationale of our holding in *People v. Young* (1980), 82 Ill. 2d 234." (*People v. Flatt* (1980), 82 Ill. 2d 250, 264-65.) We distinguish here "reviewability" from "appealability"; the former is a limited concept confined to the narrow issue of the State's right to seek appellate evaluation of the trial court's authority to entertain the defendant's motion (see 82 Ill. 2d 250, 264), while the latter is the ultimate conclusion under Rule 604(a). The prosecutor in the case *sub judice* filed a certificate of substantial impairment, and we hold that we therefore must determine whether the trial court had the authority under section 114—12 to consider the defendant's motions.

The defendant has cited the recent appellate court case of *People v. Johnson* (1983), 113 Ill. App. 3d 367, 447 N.E.2d 502, as authority for a contrary position. In *Johnson* the defendant moved during trial to preclude the State from introducing testimony relating to the defendant's allegedly false exculpatory statement. The trial court allowed the motion and the State obtained a mistrial for the purpose of maintaining an interlocutory appeal. In determining whether the State could appeal from the trial court's order, the appellate court in *Johnson* stated that "Supreme Court Rule 604(a)(1) permits the State to bring an appeal from an order 'the substantive effect of which results in *** suppressing evidence.' (87 Ill. 2d R. 604(a)(1).) Stated differently, the issue before this court is whether the trial court's ruling here was, in fact, an order 'suppressing evidence' as that term is used in Supreme Court Rule 604." (*People v. Johnson* (1983), 113 Ill. App. 3d 367, 370.) The court then reviewed the supreme court's opinions in *Young* and *Flatt* and discussed the problems entailed in defining a suppression order. The court determined that various public policies, including that of judicial economy, militate against interlocutory

appeals. The court concluded that

> "a midtrial order 'suppressing evidence,' as that term is used in Supreme Court Rule 604(a)(1), is one in which the evidence is suppressed and denied admittance because it was illegally obtained in violation of a constitutional or statutory right, or even though lawfully obtained, its admittance is to be denied because of a statutory prohibition or the violation of a court rule or some other grounds besides the recognized rules concerning the admission of evidence." (*People v. Johnson* (1983), 113 Ill. App. 3d 367, 373-74.)

A broader rule, noted the court, would "cause grave disruption of criminal trial proceedings and would violate defendant's constitutional rights to due process and fair trial." (113 Ill. App. 3d 367, 374.) The court then analyzed the trial court's order and determined that it was an evidentiary ruling rather than a suppression order. The court dismissed the appeal and ordered the defendant freed on double jeopardy grounds. While we do not disagree with the court's analysis in determining whether the trial court's ruling was "evidentiary," we cannot agree that it is that analysis which governs the reviewability of the trial court's order in the first instance. As indicated above, the supreme court has extended appellate review under Rule 604(a)(1) "to rulings which substantially impair the State's ability to prosecute the case as shown by the certificate of the prosecutor following the rationale of our holding in *People v. Young* (1980), 82 Ill. 2d 234." (*People v. Flatt* (1980), 82 Ill. 2d 250, 264-65.) The supreme court has thus read Rule 604(a)(1) more broadly than the literal interpretation of the *Johnson* decision. Moreover, the concern for public policy which underlies the *Johnson* opinion has already been explored by the supreme court in both *Young* and *Flatt*. The supreme court in *Flatt* balanced the concerns expressed by the *Johnson* court against the countervailing policy considerations arising from the unavailability of review from judgments of acquittal and the unfairness of weakening the State's case by the erroneous entry of suppression orders during trial (*People v. Flatt* (1980), 82 Ill. 2d 250, 264), and concluded that appellate review should extend to midtrial rulings which the prosecutor determines to be a substantial impairment to his case (82 Ill. 2d 250, 264-65). Consequently, we believe that the supreme court has already struck the balance between competing public interests and we, as an intermediate court of review, are not in a position to reexamine that policy determination. Accordingly, we decline to follow the mechanics of the decision in *People v. Johnson*, and will proceed to an analysis of the trial court's authority to entertain the defendant's motions.

Under *Flatt*, whether an order "suppresses" or "excludes" evidence determines whether the underlying motion was within section 114—12 and, concomitantly, whether the trial court had the authority to rule on the merits of the motion. (82 Ill. 2d 250, 264-65.) Although we have already held that the prosecutor's certificate controls the limited question of the reviewability of the trial court's order, that certificate is not dispositive of whether the defendant's motion was a motion to "suppress" *within section 114—12*, nor is the defendant's designation of the motion controlling. (See *People v. Flatt* (1980), 82 Ill. 2d 250, 266.) We believe that the determination of whether the trial court "suppressed" evidence was left to the reviewing court by the decision in *Flatt*. The supreme court there stated that *"where the reviewing court has determined* that the trial court entertained and allowed a motion to suppress that is not authorized by section 114—12(c)" the order should be vacated and the cause remanded. (82 Ill. 2d 250, 265. See also *People v. Tomasello* (1981), 98 Ill. App. 3d 588, 598.) The court in *Flatt* looked to the "gist of the motion" in deciding whether the motion sought suppression of evidence. (82 Ill. 2d 250, 266.) In *People v. Phipps* (1980), 83 Ill. 2d 87, the supreme court indicated that a court of review should consider whether the "substantive effect, rather than simply [the] form, of the trial court's order *** does operate to prevent evidence from being admitted." 83 Ill. 2d 87, 90-91.

The standard governing the classification of an order by the reviewing court as "excluding" or "suppressing" evidence under section 114—12 has proven elusive. In *Flatt*, the supreme court referred to "an issue collateral to the determination of defendant's guilt or innocence" as the basis for a motion to suppress. (82 Ill. 2d 250, 266.) The appellate court, in a pre-*Flatt* case, discussed this concept in greater detail.

> "In general that rule has referred to the suppression of evidence, which although probative, has been obtained in violation of the constitutional privilege of the accused against self-incrimination [citation] or his right to be free from unreasonable searches and seizures [citation]. The purpose of the exclusion *** is not to aid in the truth-seeking process but to deter future deprivations of individuals' rights by similar attempts to improperly obtain evidence." (*People v. Jackson* (1979), 67 Ill. App. 3d 24, 27, 384 N.E.2d 591.)

The court concluded that the order, which refused admission of evidence because its prejudicial effect outweighed its probative value, was evidentiary in nature rather than suppressive. (See also *People v.*

*Macaluso* (1976), 36 Ill. App. 3d 592, 344 N.E.2d 476.) Similarly, the court in *People v. Johnson* (1983), 113 Ill. App. 3d 367, held that an order based on lack of relevance "excluded" evidence.[1] The appellate court has also held that an order which was based on the prosecution's failure to establish a chain of custody in the handling of a document "excluded" evidence. (*People v. Williams* (1982), 108 Ill. App. 3d 219, 220, 438 N.E.2d 1311.) Conversely, the court in *People v. Tomasello* (1981), 98 Ill. App. 3d 588, held that an order which struck a witness' testimony because of a violation of a statute prohibiting the State from paying an investigator a fee contingent on the success of the prosecution was suppressive in nature. In *People v. Stuckey* (1979), 78 Ill. App. 3d 1085, 1090, 398 N.E.2d 97, the trial court's order precluding identification testimony because of alleged police misconduct in failing to produce photographs was held to be a suppression ruling. In *Flatt*, the supreme court held that testimony concerning fingerprint evidence gleaned from a pane of glass not produced by the prosecution had been "suppressed" by the trial court. In *People v. Phipps* (1980), 83 Ill. 2d 87, the court held that an order prohibiting the State from calling any witness who invoked a statutory privilege was suppressive. The court in *People v. Meyers* (1982), 109 Ill. App. 3d 862, 865, 441 N.E.2d 397, held that the trial court's refusal to admit evidence obtained in violation of the accused's sixth amendment right to counsel was an order "suppressing" evidence. The rule which thus emerges from the cases is that a motion based on criteria relating to the perceived truthfulness, reliability, or relevance of the proffered evidence "excludes" evidence and section 114—12(c) does not preclude the trial court from ruling on such a motion; a motion which is based on public policies forbidding the use of certain evidence despite its relevance and apparent trustworthiness "suppresses" evidence and section 114—12(c) prohibits the trial court from considering such a motion during trial absent an allegation of illegal seizure. See *People v. Flatt* (1980), 82 Ill. 2d 250, 266.

The defendant argues strenuously that her motions were not motions to "suppress" but rather only ones seeking to "exclude" evidence and therefore were appropriately made during trial under section 114—12(c). The defendant further argues that because the motions were not motions to suppress, the trial court's orders are

---

[1]While we disagree with the *Johnson* court's method of determining appealability, we are in harmony with that court's exposition and application of the rule differentiating "suppression" from "exclusion" of evidence. See 113 Ill. App. 3d 367, 373-74.

substantively unappealable under Supreme Court Rule 604(a), and the appeal must therefore be dismissed. (See *People v. Macaluso* (1976), 36 Ill. App. 3d 592.) While we agree that dismissal of the appeal would be the proper remedy under Rule 604(a) were we to decide that the trial court "excluded" evidence, the record does not support defendant's interpretation of the trial court's orders.

■ The trial court's first ruling occurred after the jury had been sworn and impaneled and after at least one witness had testified. Before the prosecution called its expert witness to testify to his comparison of the handwriting samples, the defense sought to preclude the prosecution from introducing the handwriting exemplars. Though two bases for the defense position were presented to the trial court, the record reflects that the court predicated its ruling on a fifth amendment ground. After hearing arguments of counsel the trial court sought clarification of the defendant's motion.

"The Court: If they are told what to write, then you are saying that could be of a magnitude that violates the Fifth Amendment [?]

[Defense Counsel]: Absolutely."

After further argument the trial court sustained the objection. The substantive effect of the trial court's ruling was to preclude the admission not only of the exemplars but also of the prosecution's entire expert testimony. The basis for the ruling was a perceived implication of the defendant's fifth amendment privilege against self-incrimination (see generally Annot., 43 A.L.R.3d 653 (1972)). That doctrine involves allegations of illegal State conduct and the public policy against encouraging such acts rather than an evaluation of reliability or relevance. (*Cf. People v. Flatt* (1980), 82 Ill. 2d 250, 256; *People v. Jackson* (1979), 67 Ill. App. 3d 24, 27; *People v. Macaluso* (1976), 36 Ill. App. 3d 592, 594.) Accordingly, the issue was collateral to a determination of the defendant's guilt or innocence and was therefore a motion to suppress. (*People v. Flatt* (1980), 82 Ill. 2d 250, 266.) The order is therefore appealable under Rule 604(a), and we need not dismiss the appeal. For the same reason, the motion should have been made before trial; because it was not, and no allegation of illegal seizure was made, the motion was untimely under section 114—12(c) and the trial court should not have considered it. (*People v. Flatt* (1980), 82 Ill. 2d 250, 265-66.) We accordingly vacate the order.

■ The second ruling at issue arose from the defendant's motion "to exclude Miss Westbrook's testimony based on the attorney-client privilege * * *." Westbrook's counsel indicated to the court that Westbrook would not testify unless the court ruled that the testimony

was not barred by the attorney-client privilege. The trial court ruled that it "would honor the attorney-client privilege as to the testimony of Monica Westbrook." Like the fifth amendment exclusionary rule, the attorney-client privilege operates to preclude the admission of evidence on a basis of public policy rather than an evaluation of accuracy, relevance, or credibility. (*Cf. People v. Flatt* (1980), 82 Ill. 2d 250, 266; *People v. Jackson* (1979), 67 Ill. App. 3d 24, 27; *People v. Macaluso* (1976), 36 Ill. App. 3d 592, 594.) We therefore conclude that the trial court "suppressed" Westbrook's testimony. This conclusion is bolstered by the supreme court's decision in *People v. Phipps* (1980), 83 Ill. 2d 87, where the court determined that an order strikingly similar to the one now under consideration had "suppressed" evidence.

> "The court's order states that no testimony will be permitted to be taken from the witnesses unless the witnesses take the affirmative act of waiving their privilege and turn over the files and reports to the defense. Hence, as presently constituted, the trial would proceed without these witnesses unless some further acts were performed. Evidence is thus being 'suppressed' as of the moment." (83 Ill. 2d 87, 91.)

We therefore hold that the order suppressed Westbrook's testimony and consequently was untimely. The trial court was therefore without authority to consider it. (*People v. Flatt* (1980), 82 Ill. 2d 250, 265-66.) Accordingly, the order is vacated.

In view of the result reached, we need not consider the State's other assertions of error, although a brief comment on the double jeopardy aspect of this case is appropriate. Because the mistrial was triggered by the defendant's untimely motions to suppress, she may be tried without violating the proscription against double jeopardy. (See *People v. Flatt* (1980), 82 Ill. 2d 250, 265.) Accordingly, the cause is remanded to the circuit court of Madison County for a continuation of the trial.

Vacated and remanded.

KASSERMAN and KARNS, JJ., concur.