NOTICE: Under Supreme Court Rule 367 a party has 21 days after the filing of the opinion

to request a rehearing. Also, opinions are subject to modification, correction or withdrawal at

anytime prior to issuance of the mandate by the Clerk of the Court. Therefore, because the

following slip opinion is being made available prior to the Court's final action in this matter,

it cannot be considered the final decision of the Court. The official copy of the following

opinion will be published by the Supreme Court's Reporter of Decisions in the Official

Reports advance sheets following final action by the Court.

                                    

               Docket No. 80540--Agenda 8--November 1996.

     THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. KIM TRUITT,

                                Appellee.

                     Opinion filed January 30, 1997.

                                    

     JUSTICE HARRISON delivered the opinion of the court:

     Defendant, Kim Truitt, is being prosecuted in the circuit

court of Rock Island County for unlawful delivery of a controlled

substance (720 ILCS 570/401 (West 1994)). The case has not yet gone

to trial. The matter is before our court because the State

disagrees with a pretrial ruling by the circuit court regarding how

it will be required to prove that the subject material is a

controlled substance. For the reasons that follow, we have

concluded that this court has no jurisdiction to hear the State's

appeal. The appeal is therefore dismissed.

     In establishing its case against defendant at trial, the State

hoped to avail itself of section 115--15 of the Code of Criminal

Procedure of 1963 (725 ILCS 5/115--15 (West 1994)). That statute

does not alter what the State is required to prove. It merely

simplifies how the State may present its evidence by creating a

limited exception to the normal hearsay rules.

     Section 115--15(a) provides that laboratory reports from the

Department of State Police, Division of Forensic Services and

Identification, are admissible as prima facie evidence of the

contents, identity and weight of the subject material in

prosecutions for violation of either the Cannabis Control Act (720

ILCS 550/1 et seq. (West 1994)) or the Illinois Controlled

Substances Act (720 ILCS 570/100 et seq. (West 1994)). The need to

adduce testimony from the person who actually performed the

analysis is eliminated, provided that certain conditions are met.

     Except in the case of preliminary or grand jury hearings,

utilization of section 115--15's provisions requires the State to

serve a copy of the laboratory report on the defendant's attorney

(or on the defendant himself if he is unrepresented). 725 ILCS

5/115--15(b) (West 1994). The defendant or his attorney then has

seven days from the date of receipt to demand that the State

present the testimony of the person who signed the report. 725 ILCS

5/115--5(c) (West 1994). If no such demand is made, the report is

admissible for the purpose of establishing the contents, identity

and weight of the substance without the need for any additional

foundation or testimony.

     In the case before us, the State's Attorney duly served

defense counsel with a copy of the laboratory report. When no

demand for live testimony was made by the defendant or his

attorney, the State's Attorney advised the court and defense

counsel that he intended to rely on the laboratory report at trial

without calling the chemist who prepared it, as section 115--15

permitted. On the motion of defendant's attorney, the circuit court

then entered a pretrial order declaring that section 115--15 was

unconstitutional and could not be invoked by the State to avoid

presenting testimony from the person who analyzed the substance in

question and prepared the report on it.

     The State now seeks to appeal the circuit court's

interlocutory order directly to our court. Defendant has challenged

this court's jurisdiction to hear the case, and although we

vacillated on the question before the case was taken under

advisement, we have ultimately concluded that defendant's

jurisdictional challenge is meritorious.

     Initially, the State claimed that we had jurisdiction pursuant

to our Rule 302(a) (134 Ill. 2d R. 302(a)). That rule, however,

does not apply to criminal appeals. 134 Ill. 2d R. 612. Once it

realized this, the State next invoked Rule 603 (134 Ill. 2d R.

603), which provides:

               "Appeals in criminal cases in which a statute of the

          United States or of this State has been held invalid and

          appeals by defendants from judgments of the circuit

          courts imposing a sentence of death shall lie directly to

          the Supreme Court as a matter of right. All other appeals

          in criminal cases shall be taken to the Appellate Court."

     The problem with reliance on this rule is that it was not

intended to create an independent basis for appellate review. It

merely specifies which court should hear a case that is otherwise

appealable. Where, as here, the State takes issue with a nonfinal

order entered by the circuit court in a criminal case, the

threshold question of whether that order is appealable by the State

is determined exclusively by Rule 604(a)(1) (145 Ill. 2d R.

604(a)(1)). See People v. Young, 82 Ill. 2d 234, 239 (1980).

     Rule 604(a)(1) restricts the State's right to appeal in

criminal cases to four situations. Under the rule, the State may

appeal only from an order or judgment which has the substantive

effect of (1) dismissing a charge for any of the grounds enumerated

in section 114--1 of the Code of Civil Procedure (725 ILCS 5/114--1

(West 1994)); (2) arresting judgment because of a defective

indictment, information or complaint; (3) quashing an arrest or

search warrant; or (4) suppressing evidence.

     In this case, the State has finally understood the controlling

effect of Rule 604(a)(1). It now claims that the circuit court's

interlocutory order is appealable on the grounds that it falls

within in the fourth category covered by the rule, suppression of

evidence.

     Before the State may obtain review of a pretrial suppression

order under Rule 604, the prosecutor must certify to the trial

court that the suppression substantially impairs his ability to

prosecute the case. Young, 82 Ill. 2d at 247. Such a certification

was made here, and the State contends that this certification

forecloses any further assessment of the order by this court and

renders the order automatically appealable. We disagree.

     In Young, 82 Ill. 2d at 247, this court did hold that it would

not secondguess a prosecutor's good-faith evaluation of the effect

of a suppression order on his case. People v. Keith, 148 Ill. 2d

32, 39-40 (1992). Before that principle even comes into play,

however, the order must, in fact, be one that suppresses evidence.

In making the threshold determination as to whether a pretrial

evidentiary ruling constitutes a suppression order within the

meaning of Rule 604(a)(1), this court does not defer to the parties

or the trial court. As in all matters affecting our jurisdiction,

we make our own assessment, looking at the substantive effect of

the order rather than its form. See People v. Phipps, 83 Ill. 2d

87, 90-91 (1980).

     In this case the circuit court's order does not have the

effect of suppressing evidence. The order will not prevent any

facts or opinions from being presented to the jury. From the record

before us, it appears that its sole impact will be on the manner in

which those facts and opinions are presented. Instead of being able

to rely on a piece of paper, the State will have to present

testimony from an actual witness. There is no way this can

reasonably be viewed as a suppression. To the contrary, because the

witness will be subject to cross-examination, the jury will almost

certainly end up receiving a much more thorough explanation of the

pertinent facts than the document alone could ever provide. In this

sense, the circuit court's ruling may actually have the opposite

effect of a suppression order.

     Because the interlocutory order here does not suppress

evidence and because it is not claimed to fall within any of the

other provisions of our Rule 604(a)(1), the State has no right to

appeal the order to this or any court of review. The State's appeal

is therefore dismissed for lack of jurisdiction.

Appeal dismissed.