THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ARCHIE LEE JOHNSON, Defendant-Appellee.

Second District   No. 81—840

Opinion filed March 21, 1983.

Robert J. Morrow, State's Attorney, of Geneva (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

G. Joseph Weller and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant, Archie Lee Johnson, was charged by information with the offense of burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)). After an initial mistrial, a second jury was impaneled, and trial commenced.

During a recess following the testimony of two of the State's witnesses, the State informed the court that defense counsel intended to make a motion to preclude the State from introducing testimony of Nick Garris, the owner of Grove's Liquors, that defendant had not been in Grove's Liquors on the night in question. Garris' testimony was to be proffered by the State following the testimony of a police officer that defendant had told him that, on the night of the burglary, he (the defendant) was at Grove's Liquors. The State further stated that the motion would be untimely and prejudicial, since the State's Attorney had discussed the testimony in his opening statement. Defense counsel, in substance, advised the court that he was making such motion. A brief argument was had on the motion, and the court continued the hearing on the motion to the following day.

At that time, the court heard extensive argument from counsel. In his argument, defense counsel contended that Garris' testimony was not relevant except as rebuttal evidence in the event that the defendant testified. The State's Attorney argued that the evidence was properly admissible as a false exculpatory statement to show consciousness of guilt on the part of the defendant and its admission should not be limited to rebuttal.

The trial court granted defendant's motion and ruled that the court would "not permit testimony from a third party concerning the whereabouts of the defendant in the absence of the defendant taking the stand in the proceedings." The State, thereupon, indicated its intent to take an interlocutory appeal and moved for a mistrial. The

defendant, contending that a mistrial was not the proper remedy for an adverse ruling made during trial, objected, and the trial judge agreed and denied the State's motion for a mistrial. However, upon being advised by the State that it would file a certificate of impairment as required by *People v. Flatt* (1980), 82 Ill. 2d 250, and *People v. Young* (1980), 82 Ill. 2d 234, the trial court granted, over defendant's objection, the State's motion for leave to take an interlocutory appeal pursuant to Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)) and discharged the jury. Thereafter, the State filed its notice of interlocutory appeal.

On appeal, the State contends that the trial court erred both in entertaining and in granting what the State characterized as the "defendant's midtrial motion to suppress evidence."

The initial question which this court must consider on appeal, however, is whether the State may appeal from a ruling, entered during the trial, sustaining defendant's objection to evidence of his false exculpatory statement. In a criminal case the State may appeal only as permitted by Supreme Court Rule 604(a). (87 Ill. 2d R. 604(a); *People v. Montaigne* (1980), 86 Ill. App. 3d 220.) Supreme Court Rule 604(a)(1) permits the State to bring an appeal from an order "the substantive effect of which results in *** suppressing evidence." (87 Ill. 2d R. 604(a)(1).) Stated differently, the issue before this court is whether the trial court's ruling here was, in fact, an order "suppressing evidence" as that term is used in Supreme Court Rule 604.

The extent of the State's right to appeal in criminal cases has been expanded greatly. (*People v. Young* (1980), 82 Ill. 2d 234, 238.) While the bare language of Supreme Court Rule 604(a)(1) appears to allow the State to appeal any order precluding the admission of evidence, such an interpretation, at least in the past, has been rejected uniformly by the courts. (See 82 Ill. 2d 234, 239.) As observed by our supreme court in *People v. Young* (1980), 82 Ill. 2d 234, 241-42, several appellate court decisions construed *People v. Van De Rostyne* (1976), 63 Ill. 2d 364, to preclude appeal from orders excluding evidence on grounds other than the illegality of the search and seizure or the involuntariness of a confession. However, *Van De Rostyne* was qualified by *People v. Young*, which held that the State's right to bring an interlocutory appeal was not limited solely to suppressions based on the illegality of a search and seizure or the involuntariness of a confession.

While *Young* involved an appeal from a pretrial suppression order, as distinguished from an order entered during the course of the trial as was the case here, *People v. Flatt* (1980), 82 Ill. 2d 250, ad-

dressed the problem in a case involving a midtrial order. According to *Flatt*, the State may seek review on the merits of a midtrial suppression order where the order granted a defense motion to suppress evidence on the grounds that it was obtained illegally. If, however, the defendant's motion did not allege that the evidence was obtained illegally and the trial court granted the motion, the State could seek review of the court's authority to entertain the motion during trial. In such a case, though, the merits of the trial court's ruling would not be considered. *People v. Flatt* (1980), 82 Ill. 2d 250, 263-64; *People v. Tomasello* (1981), 98 Ill. App. 3d 588, 597-98; see Ill. Rev. Stat. 1981, ch. 38, pars. 114—11(g), 114—12(c).

This distinction was made because, at common law, the defendant was required to object before trial to illegally obtained evidence. This rule was relaxed by statutory provisions permitting defense motions to suppress to be made during trial so long as the grounds for the motion were that the evidence had been obtained illegally and the motion could not have been made prior to trial. (82 Ill. 2d 250, 262; see Ill. Rev. Stat. 1981, ch. 38, pars. 114—11(g), 114—12(c).)[1] Since the trial court was thus authorized to entertain a midtrial motion only where the motion sought the suppression of illegally obtained evidence, the State's right to appeal on the merits was limited to orders entered after such a motion. *People v. Flatt* (1980), 82 Ill. 2d 250, 262-63.

However, recognizing the need to permit some review of erroneous orders granting motions which should have been made prior to trial, the court in *Flatt* held that the State could seek review of the court's authority to enter such an order even if the suppression was not based on the illegality of the method by which the evidence was obtained. (82 Ill. 2d 250, 264.) In such a case, the reviewing court would consider only the trial court's authority to entertain the motion during trial and would not consider the merits of the ruling. 82 Ill. 2d 250, 264; see *People v. Tomasello* (1981), 98 Ill. App. 3d 588.

The problem is in defining what constitutes an order of suppression. (See *People v. Flatt* (1980), 82 Ill. 2d 250, 258; *People v. Tomasello* (1981), 98 Ill. App. 3d 588, 597.) Cases preceding *Flatt* had noted that only suppression orders, as opposed to mere evidentiary rulings, could be the subject of an interlocutory State appeal and that suppression orders, within the meaning of Supreme Court Rule

---

[1] While *Flatt* specifically referred to motions to suppress based on an illegal search and seizure, identical statutory provisions apply to motions based on the involuntariness of confessions. Therefore, the two situations should be treated the same. See Ill. Rev. Stat. 1981, ch. 38, pars. 114—11(g), 114—12(c); *People v. Hoffman* (1981), 84 Ill. 2d 480, 485-86.

604(a)(1), were those which suppressed evidence because it was illegally obtained. (*E.g., People v. Montgomery* (1980), 84 Ill. App. 3d 695; *People v. Young* (1978), 60 Ill. App. 3d 49, *cert. denied* (1979), 440 U.S. 973, 59 L. Ed. 2d 790, 99 S. Ct. 1539; *People v. Macaluso* (1976), 36 Ill. App. 3d 592.) However, in *People v. Young* (1980), 82 Ill. 2d 234, our supreme court stated that "suppressed evidence" is to have a broader meaning than evidence which is illegally obtained. (*People v. Phipps* (1980), 83 Ill. 2d 87, 91.) Since the appeal of a suppression order can no longer be resolved merely on the basis of whether the evidence was excluded because it was obtained illegally, the line which separates an evidentiary ruling from a suppression order has become blurred. See 82 Ill. 2d 250.

■■ In the context of pretrial orders, the State's right to bring an interlocutory appeal has been construed broadly. (See *People v. Wallace* (1982), 106 Ill. App. 3d 567, 568-69; *People v. Kite* (1981), 97 Ill. App. 3d 817, 822-23.) Our supreme court has said that such an order which operates to prevent evidence from being admitted is one which suppresses evidence. *People v. Phipps* (1980), 83 Ill. 2d 87, 90-91.

However, there are obvious and significant differences between pretrial appeals and appeals brought during trial. Interlocutory appeals necessarily prolong trials, but one which interrupts an ongoing trial exposes the defendant to additional strain and expense inherent in recommencing a case after the appeal has been determined. Moreover, the scope of interlocutory appeals affects the orderly functioning of the judicial system. To the extent that interlocutory appeals are allowed the trial process will be disrupted, but the degree of disruption is less if the appeal is taken before rather than after the commencement of trial. *People v. Young* (1980), 82 Ill. 2d 234, 243-44.

Nevertheless, the court's opinion in *People v. Tomasello* (1981), 98 Ill. App. 3d 588, could be construed as authority for the proposition that the State may appeal from any order entered during trial which operates to prevent the admission of evidence, so long as the prosecutor certifies that the ruling substantially impairs the prosecution of the case (98 Ill. App. 3d 588, 597) and that an order should be considered a suppression order whenever its substantive effect is to prevent evidence from being admitted (98 Ill. App. 3d 588, 598.) However, the language in *Tomasello* should not be construed so broadly.

It is well settled that the precedential scope of a decision is limited to the facts before the court. (*People v. Flatt* (1980), 82 Ill. 2d 250, 261.) The trial court's ruling in *Tomasello*, from which the State had appealed, had granted the defendant's motion to strike exhibits and testimony of certain witnesses on the grounds that the State had

violated the Illinois statute governing the appropriate compensation to be paid detectives and investigators (Ill. Rev. Stat. 1977, ch. 111, par. 2701). In response to defendant's argument in favor of dismissing the appeal in that case, this court said the rule that has emerged from *People v. Young* (1980), 82 Ill. 2d 234, and *People v. Flatt* (1980), 82 Ill. 2d 250, is that the distinction between suppression of evidence based upon statutory and upon constitutional grounds does not affect appealability. (98 Ill. App. 3d 588, 597.) This court then proceeded to consider the State's appeal of the order, which had been entered during trial and had excluded evidence based on statutory grounds, as an order "suppressing evidence" within the meaning of Supreme Court Rule 604(a)(1).

Similarly, in *People v. Flatt* (1980), 82 Ill. 2d 250, the motion in question was a midtrial motion to suppress any fingerprint evidence for failure to comply with discovery orders of the court. In *People v. Young* (1980), 82 Ill. 2d 234, which was an appeal of a pretrial order, the motion in question was one to suppress the report of the defendant concerning the activities which were the basis of his prosecution on the grounds of statutory immunity (Ill. Rev. Stat. 1977, ch. 95½, par. 11—401(b)). In *People v. Phipps* (1980), 83 Ill. 2d 87, the pretrial order excluded testimony from certain witnesses unless they first gave up their statutory privilege regarding confidentiality of their personnel files (Ill. Rev. Stat. 1979, ch. 91½, par. 810). On the other hand, in *People v. Williams* (1982), 108 Ill. App. 3d 219, the court held that a midtrial appeal of a ruling that the prosecution failed to show a chain of evidence in the handling of the certified documents presented by the State could not be taken pursuant to Supreme Court Rule 604(a)(1) because it was an evidentiary ruling and not a suppression order. Clearly, the suppression orders that are appealable by virtue of Supreme Court Rule 604(a)(1) are distinguished from evidentiary rulings which are not appealable. See *People v. Flatt* (1980), 82 Ill. 2d 250, 258.

▪ Bearing in mind the distinction drawn by our supreme court between pretrial and midtrial appeals and its reluctance to allow the latter (see *People v. Young* (1980), 82 Ill. 2d 234, 243), our review of the factual situations present in the above cases leads us to conclude that a midtrial order "suppressing evidence," as that term is used in Supreme Court Rule 604(a)(1), is one in which the evidence is suppressed and denied admittance because it was illegally obtained in violation of a constitutional or statutory right, or even though lawfully obtained, its admittance is to be denied because of a statutory prohibition or the violation of a court rule or some other grounds besides the

recognized rules concerning the admission of evidence. To hold otherwise and to consider any objection to the admission of evidence on the grounds of relevancy or materiality or hearsay or other such evidentiary basis as a motion to suppress under Supreme Court Rule 604 would, under the mandate of· *People v. Flatt* (1980), 82 Ill. 2d 250, prohibit the trial court from even considering the merits of any objection to the admission of evidence during the course of the trial except where there is also a contention that the evidence was illegally obtained. We do not believe that such a result was intended by the supreme court in its promulgation of Supreme Court Rule 604, nor is such an interpretation of the rule required by the supreme court's opinion in *People v. Flatt.* Such a result would cause grave disruption of criminal trial proceedings and would violate defendants' constitutional rights to due process and fair trial.

■ In the instant case, the trial court's ruling may have been erroneous on a substantive basis, but it was based wholly on evidentiary grounds, specifically the relevancy of the testimony in the State's case in chief. It was not a suppression order from which an interlocutory appeal would lie under Supreme Court Rule 604, and the filing of a certificate of impairment by the State *(People v. Young* (1980), 82 Ill. 2d 234) did not make the ruling an appealable order. The appeal must therefore be dismissed.

A question remains, however, as to whether defendant can be further prosecuted on this charge or whether further prosecution is precluded by double jeopardy principles. The constitutional prohibition against double jeopardy represents a policy of finality in criminal prosecutions *(United States v. Jorn* (1971), 400 U.S. 470, 27 L. Ed. 2d 543, 91 S. Ct. 547) to protect defendants from being forced to go through a trial more than once *(People v. Phillips* (1975), 29 Ill. App. 3d 529). The first issue in any double jeopardy analysis is the determination of whether jeopardy had attached at the time the first proceeding ended. *(People ex rel. Mosley v. Carey* (1979), 74 Ill. 2d 527, 534, *cert. denied* (1979), 444 U.S. 940, 62 L. Ed. 2d 306, 100 S. Ct. 292.) In a jury trial, such as this one, jeopardy attaches when the jury is impaneled, selected and sworn. *(Crist v. Bretz* (1978), 437 U.S. 28, 57 L. Ed. 2d 24, 98 S. Ct. 2156.) Here, the jury had been impaneled and testimony had been taken when the proceeding ended so that defendant clearly had been placed in jeopardy. 74 Ill. 2d 527.

■■ ■ A second trial is not necessarily barred merely because jeopardy had attached in the first proceeding; this depends upon the circumstances of the case. *(People ex rel. Mosley v. Carey* (1979), 74 Ill. 2d 527, 534-35, *cert. denied* (1979), 444 U.S. 940, 62 L. Ed. 2d

306, 100 S. Ct. 292.) Where a mistrial has been declared on the defendant's motion or is attributable in some manner to the defendant, reprosecution is not barred, as the defendant cannot, by his or her own act, avoid the original jeopardy and then assert it as a bar to subsequent proceedings. (*People v. Flatt* (1980), 82 Ill. 2d 250, 265; 74 Ill. 2d 527; see *People v. Wright* (1982), 105 Ill. App. 3d 187.) This assumes that the defendant's motion was not based on gross misconduct or overreaching, as opposed to mere error, by the judge or the prosecutor. *United States v. Jorn* (1971), 400 U.S. 470, 27 L. Ed. 2d 543, 91 S. Ct. 547; see *People v. Turner* (1982), 105 Ill. App. 3d 393, 396.

■■ ■ In some circumstances, a second trial may be conducted even though a mistrial was declared over the defendant's objection. (*Downum v. United States* (1963), 372 U.S. 734, 10 L. Ed. 2d 100, 83 S. Ct. 1033.) The trial court, in the exercise of its sound discretion, has the authority to discharge a jury before verdict whenever there is a manifest necessity to do so or the ends of public justice would be defeated by a continuation of the proceeding. (*Illinois v. Somerville* (1973), 410 U.S. 458, 35 L. Ed. 2d 425, 93 S. Ct. 1066; see *People v. Turner* (1982), 105 Ill. App. 3d 393, 396.) A mistrial generally is appropriate if an impartial verdict could not be reached or if a conviction could be obtained but would have to be reversed on appeal due to an obvious procedural error at trial. (*Illinois v. Somerville* (1973), 410 U.S. 458, 35 L. Ed. 2d 425, 93 S. Ct. 1066.) The trial court should exercise its discretion with great caution, granting a mistrial only in urgent circumstances and for very plain and obvious reasons. (*People v. Laws* (1963), 29 Ill. 2d 221, 225.) Where the court has acted properly, retrial of the defendant is not barred. (29 Ill. 2d 221; *People v. Turner* (1982), 105 Ill. App. 3d 393.) However, double jeopardy bars further prosecution where the trial court has abused its discretion and a mistrial has been declared improperly. *United States v. Jorn* (1971), 400 U.S. 470, 27 L. Ed. 2d 543, 91 S. Ct. 547 (trial court, on its own motion and contrary to the testimony, found the State's witnesses unable to testify as they had not consulted with counsel and discharged the jury without considering the possibility of a continuance); *Downum v. United States* (1963), 372 U.S. 734, 10 L. Ed. 2d 100, 83 S. Ct. 1033 (some prosecution witnesses were not present for trial, and the prosecutor, without seeking a continuance, requested that the jury be discharged); *People v. Laws* (1963), 29 Ill. 2d 221 (trial court, acting under a misapprehension of law, believed that a mistrial was necessary); *People v. Phillips* (1975), 29 Ill. App. 3d 529 (mistrial ordered, without consideration of other possible remedies such as contempt or exclusion, due to a bystander's conduct); *People v. Cobb*

(1974), 19 Ill. App. 3d 520 (mistrial ordered after the State objected to the composition of the jury, where the State had previously stipulated to that jury and the jury had been impaneled).

Defendant's action in objecting to the testimony on the basis of relevancy was timely and proper. It was the State's insistence on filing a certificate of impairment following the court's denial of a mistrial that induced the trial court mistakenly to grant leave to the State to take an interlocutory appeal and thereupon to discharge the jury. Defendant objected to this procedure, and the discharge of the jury occurred solely as a result of the actions of the State and the trial court. Under these circumstances, the doctrine of double jeopardy does apply and the defendant is entitled to be discharged and have the charge pending against him dismissed.

This appeal is dismissed, and this cause is remanded to the trial court with directions to dismiss the charge and discharge the defendant.

Appeal dismissed; cause remanded with directions.

HOPF and NASH, JJ., concur.