THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CHARLES ROGERS, Defendant-Appellee.

Second District   No. 82—847

Opinion filed April 30, 1984.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, of counsel), for the People.

Dalton P. Grief, of Ford & Grief, of Wheaton, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant was charged in a nine-count indictment with various violations of the Illinois Vehicle Code, including false application of title, unlawful possession of a motor vehicle component part, and unlawful possession of a motor vehicle. The defendant was acquitted of counts I through III on May 4, 1982. The remaining counts proceeded to trial on September 27, 1982. The State moved to nolle prosse counts VI through IX after the jury was impanelled, and the trial commenced on counts IV and V.

After the trial had begun, the State moved to supplement discovery by filing a supplemental answer to discovery with two additional documents. These two documents, a city of West Chicago Department

of Police tow truck inspection sheet dated April 2, 1981, and a towing application signed by defendant dated June 17, 1981, had been offered as State's exhibits in the defendant's trial on counts I through III. One of the documents had been offered as an exhibit at the prior trial, but upon such offer the defendant had objected and the court sustained that objection. The State had filed answers to discovery on three prior dates before the first trial but had never formally revealed the documents in question. The State argued that while the documents had not been formally disclosed in discovery prior to the motion to supplement discovery, the defendant was in fact aware of them and could not claim surprise. The defendant argued that he had no knowledge of the documents or the State's intention to use them until the State announced such intention after the second trial had begun. The court sustained the defendant's objection to the supplemental discovery stating that the motion was untimely.

The State then moved for a certification of impairment in order to appeal the trial court's ruling on the evidentiary matter. The court stated that it had not suppressed any evidence but had denied the motion to file additional discovery. Upon that statement, the State withdrew their stated certification of impairment and proceeded with trial. At trial, the State called their first witness, Officer Jerome Dolan, who was an employee of the West Chicago police department. The State sought, *inter alia*, to question Officer Dolan regarding the related documents. The State admits that neither of the two documents had been prepared by Dolan nor would they be used to refresh his recollection. The defendant objected because of the court's denial of the State's motion to supplement discovery regarding those same documents. The court overruled the defendant's objection and allowed the State to show one document to the witness. The witness looked at the document and stated that he had seen it before. The witness was then asked whether he had any conversation with the defendant on June 17, 1981. Defense again objected to questioning the witness about any conversations had with the defendant because of the failure to disclose such information in discovery. The State subsequently renewed its motion to amend discovery to include People's exhibits Nos. 1 and 2 for identification and the motion was again denied.

The State then sought a mistrial and the certification of the issue for an interlocutory appeal. The court granted certification and declared a mistrial. The notice of interlocutory appeal was timely filed by the State.

The State's basic argument on appeal is that the trial court's order excluding evidence because of a discovery violation amounted to

an unauthorized midtrial suppression order. The State first contends, however, that an interlocutory appeal could be properly taken by the State from such an order. Under Supreme Court Rule 604(a)(1), the State can appeal from orders of the trial court "the substantive effect of which results in *** suppressing evidence." (87 Ill. 2d R. 604(a)(1).) The State urges that the documents it sought to introduce were in fact suppressed by the trial court's denial of its motion to supplement discovery. It contends that this harsh discovery sanction of exclusion falls within the scope of Rule 604(a)(1) and, upon the necessary prosecutor's certification that such suppression substantially impairs the State's ability to prosecute its case, the State may appeal from such an adverse discovery ruling. See *People v. Flatt* (1980), 82 Ill. 2d 250; *People v. Johnson* (1983), 113 Ill. App. 3d 367.

Since, according to the State, the interlocutory order in question is appealable, the general rule of review is that when the State appeals from a midtrial order having the effect of suppressing evidence, and that order was not based upon the illegality of the means of obtaining the particular evidence in question, the only issue to be considered by a reviewing court is whether the lower tribunal had authority to entertain that midtrial motion. (*People v. Flatt* (1980), 82 Ill. 2d 250, 263-64; *People v. Johnson* (1983), 113 Ill. App. 3d 367, 371; see Ill. Rev. Stat. 1981, ch. 38, pars. 114—11(g), 114—12(c).) The merits of the trial court's ruling will not be considered. (*People v. Tomasello* (1981), 98 Ill. App. 3d 588, 598.) The State contends that midtrial suppression motions involving issues other than the illegality of the means used in obtaining the suppressed evidence are collateral to the main question of defendant's guilt or innocence and are not to be considered by the trial court after trial has commenced. (*People v. Flatt* (1980), 82 Ill. 2d 250, 266; see *People v. Johnson* (1983), 113 Ill. App. 3d 367.) Because the suppression order in the instant case did not involve the illegality of the means in obtaining the two documents, the State concludes that the trial court lacked authority for considering a suppression of evidence at midtrial. By entertaining the defendant's objection to the State's questioning of its witness regarding the two documents and denying the State's motion to supplement discovery, the trial court, in effect, wrongfully suppressed the State's competent evidence.

While at first blush the State's analysis may appear to have some merit, it is clear from the advocated result that the argument cannot be sound. In essence, the State advances a rule which would bar the trial court's discovery sanction of evidentiary exclusion at any time after trial had begun. Such a rule would invite the State to submit addi-

tional discovery at any time, in complete disregard of the critical considerations embodied in criminal discovery procedures. (See 87 Ill. 2d Rules 412 through 415.) To permit the State to withhold vital information until it intends to use it at trial is obviously in conflict with the spirit of our rules of practice.

Although the State's conclusion is unsound, the State is nonetheless correct in asserting that the trial court's order was appealable under Supreme Court Rule 604(a)(1). As this court expressly observed in *People v. Johnson* (1982), 113 Ill. App. 3d 367:

> "[A] mid-trial order 'suppressing evidence,' as that term is used in Supreme Court Rule 604(a)(1), is one in which the evidence is suppressed and denied admittance because it was illegally obtained in violation of a constitutional or statutory right, or even though lawfully obtained, its admittance is to be denied because of a statutory prohibition or the violation of a court rule or some other grounds besides the recognized rules concerning the admission of evidence. To hold otherwise and to consider any objection to the admission of evidence on the grounds of relevancy or materiality or hearsay or other such evidentiary basis as a motion to suppress under Supreme Court Rule 604 would, under the mandate of *People v. Flatt* (1980), 82 Ill. 2d 250, prohibit the trial court from even considering the merits of any objection to the admission of evidence during the course of the trial except where there is also a contention that the evidence was illegally obtained." 113 Ill. App. 3d 367, 373-74; see also *People v. Phipps* (1980), 83 Ill. 2d 87, 90-91.

In *People v. Flatt*, the State answered the trial court's discovery order and represented that it intended to introduce certain physical evidence of defendant's fingerprints at trial and that such evidence was available to the defendant at the State's Attorney's office. On the date of trial, defense counsel presented a motion to produce the physical evidence since the materials had not actually been made available. The trial court granted the defendant's motion. The State informed the court as to the possible unavailability of the evidence at trial, and the court indicated that such failure to produce the tangible evidence would result in its suppression. In a subsequent proceeding held after the jury had been sworn, the court decreed that since the physical evidence was not in fact going to be made available to defendant, the failure to produce said evidence would result in a deprivation of defendant's due process right to confront evidence presented against him and suppression was mandated. Defendant thereafter filed a motion *in limine* to suppress the evidence and that motion was granted

by the trial court.

In its resolution of the *Flatt* dispute, the supreme court first established that what constitutes an appealable trial court order of suppression is a matter for the judiciary's determination under the authority granted to it by the 1970 Constitution (Ill. Const. 1970, art. VI, sec. 6), and it is not to be confined by any legislative provisions. Thus, while sections 114—11 and 114—12 of the Code of Criminal Procedure of 1963 appear to limit the scope of appealable suppression orders, those sections should not be construed as a valid restraint upon judicial constitutional authority. (*People v. Flatt* (1980), 82 Ill. 2d 250, 259.) Consequently, a midtrial suppression order could potentially be appealed under Supreme Court Rule 604(a)(1) without regard to any purported restraints contained in the aforementioned legislative provisions. (82 Ill. 2d 250, 259-60.) Nonetheless, under the circumstances evidenced in *Flatt*, the supreme court proceeded to adopt the particular restrictions of section 114—12(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—12(c)) as an appropriate guideline for limiting the State's interlocutory appeal of motions to suppress illegally obtained evidence.

The aforegoing review of the *Flatt* case reveals the crucial misconception in the State's analysis of the instant controversy. In *Flatt*, the suppression order was deemed appealable under Rule 604(a)(1) but found to be improperly issued by the trial court because, as a suppression order within section 114—12(c) of the Code of Criminal Procedure of 1963, the defendant's motion to suppress was untimely. (*People v. Flatt* (1980), 82 Ill. 2d 250, 265.) However, in the present case, while the trial court's order did have the effect of suppressing evidence and was therefore appealable under Supreme Court Rule 604(a)(1), no actual motion to suppress was ever filed by the defendant. Thus, the limiting provisions of section 114—12(c) were irrelevant. The supreme court in *Flatt* employed the guidelines of section 114—12(c) because the defendant had made a motion *in limine* to suppress evidence; indeed, the court noted that "[i]t is well settled that the precedential scope of a decision is limited to the facts before the court." (*People v. Flatt* (1980), 82 Ill. 2d 250, 261.) In the present case, there was no motion to suppress but only a discovery-related objection and an objection to deny supplemental discovery. The authority of the trial court to entertain defendant's objections was therefore, unlike the situation in *Flatt*, unrelated to the motion to suppress guidelines of section 114—12(c). Because the judiciary draws its appellate jurisdiction from the State constitution and not legislative enactment, there is no inherent incongruity in finding that the trial court's

instant order was within the broad ambit of Rule 604(a)(1) but not restricted by the Code of Criminal Procedure's "motion to suppress" provisions. (See *People v. Flatt* (1980), 82 Ill. 2d 250, 260. But see *People v. Davidson* (1983), 116 Ill. App. 3d 164.) The only relevant inquiry for review by this court is whether the lower tribunal acted within the authority granted to it by the judicial rules of discovery when it refused to allow the State either to supplement discovery or to question its witness regarding such supplemental material.

Supreme Court Rule 415(g)(i) expressly provides:

> "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may *** exclude such evidence, or enter such other order as it deems just under the circumstances." (87 Ill. 2d R. 415(g)(i).)

Prior to trial, defense counsel had filed its motion for discovery and the State had filed compliance with that motion. Although the two documents in question were in the possession of the State's Attorney at the time of that motion, they were not disclosed to the defendant. Supreme Court Rule 412 provides in pertinent part:

> "[T]he State shall *** disclose to defense counsel *** names and *** addresses of persons whom the State intends to call as witnesses, together with their relevant written or recorded statements, memoranda containing substantially verbatim reports of their oral statements, and a list of memoranda reporting or summarizing their oral statements." (87 Ill. 2d R. 412(a)(i); see also 87 Ill. 2d Rules 412(a)(ii), 412(c).)

Based upon the aforegoing authority, the trial court had authority to address defendant's objection and to issue its discovery ruling.

■ Because the lower court had authority for its action, the merits of its ruling are properly before this court. Broad discretion is accorded by Supreme Court Rule 415 to the trial court in imposing sanctions for failure to comply with the required discovery, and absent an abuse of discretion those sanctions will not be disturbed. (See *People v. Brown* (1982), 106 Ill. App. 3d 1087; *People v. Pitts* (1982), 104 Ill. App. 3d 451.) The trial court in the present case was in the best position to determine the effect that the late disclosure of the State's documents would have upon the defendant and his ability to properly try his cause. Likewise, the trial court was in an advantageous position to determine whether the defendant had any knowledge of the existence or substance of these documents, or of the State's intent to use them until the State announced such intent after the second trial

had begun. The trial court did not abuse its discretion in imposing discovery sanctions in this matter.

The only remaining issue in this appeal is whether the defendant can be further prosecuted on the instant charges without violating his constitutional right against double jeopardy. (U.S. Const., amends. V, IV; Ill. Const. 1970, art. I, sec. 10.) In a case such as the present one, where the jury has already been impanelled and evidence taken, jeopardy had clearly attached by the time the mistrial was granted. (*People v. Johnson* (1983), 113 Ill. App. 3d 367, 374; *People ex rel. Mosley v. Carey* (1979), 74 Ill. 2d 527, 534, *cert. denied* (1979), 444 U.S. 940, 62 L. Ed. 2d 306, 100 S. Ct. 292.) However, it has also been stated that a second trial, after remand from an appeal of an interlocutory order, is not necessarily precluded by double jeopardy; that determination depends upon the particular facts of the specific case. (*People ex rel. Roberts v. Orenic* (1981), 88 Ill. 2d 502, 507-08; see *People v. Johnson* (1983), 113 Ill. App. 3d 367.) Where a mistrial has been declared on defendant's motion or is attributable in some manner to the defendant, reprosecution is not barred and the defendant cannot, by his or her own act, avoid the original jeopardy and then assert it as a bar to subsequent proceedings. (*People v. Johnson* (1983), 113 Ill. App. 3d 367, 375.) If defendant has either initiated or consented to the declaration of a mistrial, even where the alleged error necessitating the mistrial was the prosecutor's or the judge's, reprosecution may be permissible absent prosecutorial or judicial overreaching or bad faith. *People ex rel. Roberts v. Orenic* (1981), 88 Ill. 2d 502, 509-10.

Nonetheless, no precedent has yet suggested that where defendant merely makes a proper discovery-related trial objection, the defendant has deliberately elected to forego his right to have his guilt or innocence determined by the first trier of fact. (See *People ex rel. Roberts v. Orenic* (1981), 88 Ill. 2d 502, 509.) Indeed, in the present case, defense counsel voiced his disagreement with the court's declaration of a mistrial and expressed his desire to proceed immediately to trial. In taking an appeal from the instant interlocutory order, the State apparently concluded that the order was critical to its case, and the appeal thus constituted an election by the State to pursue the propriety of the suppression ruling even at the potential cost of defendant's subsequent acquittal because of double jeopardy. See *People v. Johnson* (1983), 113 Ill. App. 3d 367, 376.

■ If the order was indeed critical, and the State could not prove its case absent the admission of discovery material in question, then the State took the proper course in appealing because, in a sense, it

had nothing to lose by such action. The doctrine of double jeopardy does apply in this matter, and the defendant is entitled to be discharged and have the charges pending against him dismissed.

The order of the trial court sustaining defendant's objection and denying the State's midtrial motion to supplement discovery is affirmed, and the cause is remanded to the trial court with directions to dismiss the charges and discharge the defendant.

Interlocutory order affirmed; cause remanded with directions.

LINDBERG and UNVERZAGT, JJ., concur.