THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DWAYNE DORSEY, Defendant-Appellee.

First District (1st Division)   No. 83—2279

Opinion filed November 26, 1984.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, David A. Cuomo, and Neil J. Linehan, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Marilyn Martin, Assistant Public Defender, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

The defendant, Dwayne Dorsey, was charged by information with one count of rape, one count of aggravated kidnaping, and one count of robbery. (Ill. Rev. Stat. 1981, ch. 38, pars. 11—1, 10—2(a)(3), 18—1(a).) Before trial, defendant filed a motion *in limine* requesting that, during the State's opening statement and the State's direct examination, no reference be made to the victim's nonidentification of the

defendant in both a photographic and lineup confrontation. The court granted defendant's motion. At trial, defendant objected that the State's opening statement violated the court's order *in limine,* and the court granted defendant's motion for a mistrial. This appeal followed.

The State raises the following issues: that the trial judge erred as a matter of law by granting the motion *in limine* and by granting the motion for mistrial.

The record discloses that, prior to trial, defendant filed a motion *in limine* on July 28, 1983, requesting that no reference be made to the victim's nonidentification of the defendant in the photographic confrontation made on April 26, 1982, and lineup made on June 16, 1982. The State informed the court that evidence of the police investigation would be presented in the testimony of the victim and the testimony of the police officers who conducted the investigation. The State argued that the evidence was relevant and material because it went to the issue of identification. The State also argued that exclusion of this evidence would foreclose any police testimony into the investigation of this case. After hearing this argument, the court granted defendant's motion. The court instructed the State to refrain from introducing any evidence relating to the victim's viewing photographs on April 26, 1982, and the victim's viewing a lineup on June 16, 1982. In addition, the court ruled that this evidence could be introduced in rebuttal testimony if that door was opened. Under the court's instructions, the victim could testify that she viewed photographs and that she attended a lineup. The court also decided to allow the State to say the victim had "looked at photographs and looked at a lineup" in their opening statement.

The jury was impaneled and trial was commenced. The State began their opening statement by alluding to the victim's attack. After the prosecutor stated that "the victim and the police toured the area after the rape looking for the defendant, and then questioned a suspect who was not the rapist," the defendant objected and made a motion for mistrial. The motion was granted.

The State then offered a certificate of impairment with an offer of proof. The State claimed that: On April 21, 1982, at approximately 1 a.m., a person later identified as the victim was walking home on Drexel Boulevard in Chicago. The defendant grabbed the victim and took her to an abandoned garage, where he forcibly raped her. After the rape, the victim went out to the street and waved down a police car. She gave the police a description of her assailant and toured the area with the police looking for her assailant. They stopped and ques-

tioned a suspect. However, the victim said the suspect was not her assailant.

On April 26, 1982, the victim was brought to the Chicago police station at Area 1 Headquarters, where she looked at photograph books of suspects. The defendant's picture was not among the photographs. On June 16, 1982, the victim viewed a lineup at Area 1 Headquarters. The defendant was not in this lineup. The victim did not identify anyone as her attacker in either the lineup or the photo array. The defendant was arrested on December 7, 1982, after the victim had seen him on the street and had called the police informing them that she might know where her assailant could be found.

In its brief, the State has combined the issues relating to the order *in limine* and the order for mistrial. For purposes of this appeal, these issues will be discussed separately.

■ The first issue presented is whether the State may seek an appeal from the pretrial order *in limine*. Illinois Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)) permits the State to appeal from orders the substantive effect of which results in dismissing the indictment or suppressing evidence. (*People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501.) In *Young*, Rule 604(a)(1) was applied to a pretrial order. In addition, Rule 604(a)(1) has been extended to midtrial rulings where the State determines there has been a substantial impairment to their case. (*People v. Flatt* (1980), 82 Ill. 2d 250, 412 N.E.2d 509.) Defendant claims that the State waived its right to appeal by filing an untimely notice of appeal. Defendant argues that neither *Young* nor *Flatt* suggests that the State is permitted to proceed to trial after an *in limine* order is entered and to appeal from such order during trial. If the State felt aggrieved or prejudiced when the *in limine* order was entered, the State should have sought appropriate relief. The State took no action and elected to proceed to trial. The State now maintains that the subsequent action in the motion for mistrial presents the right to appeal from the *in limine* order. The State's position assumes the right to forego or delay taking any action to seek immediate review prior to trial from a claimed adverse *in limine* ruling and to interrupt a trial and seek review. We are not aware of any cases sanctioning such practice, and we reject the State's position in this regard. Accordingly, the merits of the trial court's motion *in limine* order will not be considered. *People v. Flatt* (1980), 82 Ill. 2d 250, 412 N.E.2d 509; *People v. Young* (1980), 82 Ill. 2d 234, 412 N.E.2d 501; *People v. Rogers* (1984), 123 Ill. App. 3d 780, 463 N.E.2d 211.

■ The next issue is whether the order granting the mistrial was

proper. The State's position is that the trial court's order was one of "suppressing evidence" within the meaning of Supreme Court Rule 604(a)(1). The State contends that the evidence concerning the lineup and photo array is relevant to establish the reliability of the victim's subsequent identification of the defendant on the street and to establish what the police were doing with their investigation of the incident.

The State cites *People v. Mormon* (1981), 97 Ill. App. 3d 556, 422 N.E.2d 1065, *People v. Brown* (1967), 86 Ill. App. 2d 163, 229 N.E.2d 922, and *People v. Bolden* (1982), 58 N.Y.2d 741, 445 N.E.2d 198, to support their contention. In *Mormon*, the court considered that the victim made no previous identifications at any of the photographic showings relevant to show that her record for reliability was good and sufficient to support a conviction. However, *Mormon* does not address the issue of the admissibility of negative evidence in the context of identification. In *Brown* and *Bolden*, the defendant opened the door on cross-examination of the rape victim to the admission of negative evidence. Since the instant case was declared a mistrial before any witness examination, both *Brown* and *Bolden* can be distinguished.

The defendant cites *People v. Johnson* (1983), 113 Ill. App. 3d 367, 447 N.E.2d 502, as authority for a contrary position. In *Johnson*, the State appealed from a trial court's order granting the defendant's motion to exclude certain testimony except as rebuttal evidence in the event the defendant testified. The appellate court held that the trial court's order, based wholly on evidentiary grounds and specifically on the relevancy of the testimony on the State's case-in-chief, was not appealable. (*People v. Johnson* (1983), 113 Ill. App. 3d 367, 447 N.E.2d 502.) The court, in *Johnson*, stated:

> "*** that a midtrial order 'suppressing evidence,' as that term is used in Supreme Court Rule 604(a)(1), is one in which the evidence is suppressed and denied admittance because it was illegally obtained in violation of a constitutional or statutory right, or even though lawfully obtained, its admittance is to be denied because of a statutory prohibition or the violation of a court rule or some other grounds besides the recognized rules concerning the admission of evidence. To hold otherwise and to consider any objection to the admission of evidence on the grounds of relevancy or materiality or hearsay or other such evidentiary basis as a motion to suppress under Supreme Court Rule 604 would, under the mandate of *People v. Flatt* (1980), 82 Ill. 2d 250, prohibit the trial court from even considering the merits of any objection to the admission of evidence during the

course of the trial except where there is also a contention that the evidence was illegally obtained." (*People v. Johnson* (1983), 113 Ill. App. 3d 367, 373-74, 447 N.E.2d 502, 506. See also *People v. Phipps* (1980), 83 Ill. 2d 87, 413 N.E.2d 1277.) This distinction between "suppressing evidence" and exclusion evidence has been followed in *People v. Rogers* (1984), 123 Ill. App. 3d 780, 463 N.E.2d 211. In *Rogers*, the State argued that the trial court's exclusion of evidence because of a discovery violation amounted to an unauthorized midtrial suppression order. However, the appeal was dismissed on the basis that the order excluding evidence related to discovery. In the instant case, it appears that the trial court's order relates to the admissibility of evidence based wholly on evidentiary grounds as enunciated in *People v. Johnson*, and not on suppressing evidence within the meaning of Supreme Court Rule 604(a)(1). We therefore reject the State's attempt to treat this ruling as "suppressing" evidence, and dismiss the appeal. *People v. Benda* (1984), 124 Ill. App. 3d 950, 464 N.E.2d 1268.

■ A question remains as to whether further prosecution is prevented by double jeopardy principles. Defendant maintains that retrial is barred by double jeopardy because the State provoked a mistrial. The test for determining if double jeopardy has attached was stated in *Oregon v. Kennedy* (1982), 456 U.S. 667, 72 L. Ed. 2d 416, 102 S. Ct. 2083. The United States Supreme Court held that:

"But we do hold that the circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." (*Oregon v. Kennedy* (1982), 456 U.S. 667, 679, 72 L. Ed. 2d 416, 427, 102 S. Ct. 2083, 2091.)

The Supreme Court in *Oregon* also held that intent may be inferred from objective facts. This court has recognized this concept in *People v. Rogers* (1984), 123 Ill. App. 3d 780, 463 N.E.2d 211. In *Rogers*, the court stated, "Where a mistrial has been declared on defendant's motion or is attributable in some manner to the defendant, reprosecution is not barred and the defendant cannot, by his or her own act, avoid the original jeopardy and then assert it as a bar to subsequent proceedings." (*People v. Rogers* (1984), 123 Ill. 2d 780, 787, 463 N.E.2d 211, 216.) The court in *Rogers* further states: "If defendant has either initiated or consented to the declaration of a mistrial, even where the alleged error necessitating the mistrial was the prosecutor's or the judge's, reprosecution may be permissible absent prosecutorial or judi-

cial overreaching or bad faith." *People v. Rogers* (1984), 123 Ill. App. 3d 780, 787, 463 N.E.2d 211, 216; see *People v. Palmisano* (1984), 124 Ill. App. 3d 770, 464 N.E.2d 1147.

The State contends that the mention of a nonidentification at the time of the occurrence did not intentionally violate the pretrial order. In response, defendant claims he was "taken by surprise" and that the prosecutor's opening statement violated the *in limine* order. However, defendant has not established any prosecutorial or judicial overreaching. Therefore, double jeopardy does not prohibit reprosecution for the same offenses.

The appeal from the orders of the circuit court of Cook County is dismissed and the cause is remanded with directions to proceed in accordance with the views expressed herein.

Appeal dismissed. Cause remanded, with directions.

McGLOON and O'CONNOR, JJ., concur.