THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES E. YOUNG, Defendant-Appellee.

Fifth District   No. 5—84—0457

Opinion filed October 3, 1985.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and Susan M. Young, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Randy E. Blue and Steven E. Wiltgen, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Defendant, James E. Young, was charged in Jackson County with one count of theft over $300. On July 1, 1983, the trial court entered an order granting defendant's motion to quash arrest and suppress evidence. On July 6, 1984, the trial court entered an order granting defendant's motion *in limine*, prohibiting the State from introducing certain evidence at trial. The State appeals the granting of the motion *in limine* by the trial court.

The following evidence was presented at the preliminary hearing:

Officer Stearns testified that on January 31, 1983, he was in his squad car at the east end of University Mall in Carbondale. At approximately 6:15 p.m., Officer Stearns observed a subject, whom he knew as James Young, wearing a midlength blue coat and standing in the shadows on the east side of the mall. When defendant noticed the squad car, he walked into the east entrance of the mall. Officer Stearns then alerted police officers on the east side of the mall of defendant's "suspicious" actions.

At approximately 6:53 p.m., Officer Stearns observed a black male wearing a sweatshirt walking south along the east side of the mall. He was also observed by Detective Dismore, who was in an un-

marked squad car. The man was carrying a large object in his hands.

Detective Dismore drove by the man twice and radioed Officer Stearns that he could not be sure of the identity of the subject, but that it looked like James Young. Officer Stearns then drove his marked police car towards the man but lost sight of him as he continued toward a darkened area around the southern end of the Meis department store. As defendant walked into the lighted area on the east side of the Meis store, Officer Stearns saw him, and identified this man as James Young.

Officer Stearns stopped defendant and asked him what he had done with the package he had been carrying. Defendant denied possessing a package. Detective Dismore then notified Officer Stearns that he had found a package in the bushes along the south side of the Meis store. Defendant was then handcuffed and arrested.

The package was a large brown and black plastic garbage bag that contained a Sears videocassette recorder bearing a Sears price tag of $895. There was no receipt in the bag. Officer Stearns and Detective Dismore then escorted defendant to Sears where they met with the Sears security officer. The security officer stated that the videocassette recorder looked as though it was a Sears model and that it was not Sears policy to wrap any video recorder it sells in garbage bags. Eventually, the manager of the Sears video department stated that the videocassette recorder was a store display model and had not been sold.

The videocassette recorder was dusted for prints. One of the palm prints taken from the recorder matched a palm print taken from defendant upon his arrest.

Soon after the arrest, defendant filed a motion to quash arrest and suppress evidence. He requested that the court suppress the following evidence; (1) physical evidence discovered directly or indirectly as a result of the detention and arrest; (2) statements and utterances of the defendant during the detention and following the arrest; (3) witnesses discovered as a result of the arrest; (4) photographs, fingerprints, and other information, the products of the processing of the defendant following his arrest.

On July 1, 1983, an order was issued granting the motion to quash arrest and suppress evidence. The order stated that although the investigative stop made by Officer Stearns was valid, Officer Stearns did not possess sufficient articulable facts to support probable cause for arrest. The order stated that defendant's arrest was quashed and that "any evidence obtained as a result of his illegal arrest" would be suppressed from use of any subsequent hearing or

trial. The State's motion to reconsider was denied on August 3, 1983, and the State failed to appeal this decision.

On July 5, 1984, defendant filed a motion *in limine* requesting that the court prohibit the State from introducing any testimony about comparison between defendant's palm or fingerprints, "when or wherever obtained," and any palm or fingerprints removed from the Sears videocassette recorder; any statements or utterances made by defendant during his detention and arrest; and any testimony or statement from witnesses "discovered as a result" of defendant's arrest. The trial court granted the motion.

■■ The only issue raised is whether the trial court erroneously granted defendant's motion *in limine.* However, the first question we must address is whether the 1983 order granting defendant's motion to quash arrest and suppress evidence included those items suppressed in the 1984 order granting defendant's motion *in limine,* and whether the State, by failing to appeal the 1983 order, has waived its right to appeal. We find the State did not waive its right to appeal the 1984 order. We note a distinct difference in the wording of the two motions. The 1983 motion focused on the evidence found "as a result of illegal arrest," whereas the 1984 motion requested among other things that the court prohibit the State from introducing any testimony about comparison between defendant's palm or fingerprints, "when or wherever obtained." Although we agree that these motions do overlap information obtained as a "result of the arrest" of the defendant, they are not the same.

The court's 1983 order is clear and unambiguous, and the language of the order cannot be controlled by any intent or purpose that counsel for defendant had in mind. (See *People ex rel. Waite v. Bristow* (1945), 391 Ill. 101, 110, 62 N.E.2d 545, 549-50.) The State relied on the unambiguous language of the 1983 order that only the evidence found "as a result of illegal arrest" would be suppressed and did not appeal the 1983 order. The State did timely appeal the 1984 order, and we must now address whether the 1984 motion *in limine* should have been granted.

The order granting the motion *in limine* prevented the State from introducing as evidence at trial or referring to: (A) "Any testimony about, or physical evidence of, comparisons between the defendant's palm or fingerprints removed from one Sears 'Betavision' videocassette recorder, model #564-530-6-0902, serial #30171717, (B) Statements and utterances of the defendant during the detention and arrest of the Defendant, (C) Testimony or statements from witnesses discovered as a result of the Defendant's arrest."

We note that the State concedes any statements or utterances made by defendant subsequent to his arrest and any fingerprints taken from defendant following his arrest are suppressed, and therefore we need not address that issue.

■ It has been held that when an improper arrest occurs, the power of the court to try the defendant is not impaired. (See *People v. Finch* (1970), 47 Ill. 2d 425, 266 N.E.2d 97, *cert. denied* (1971), 404 U.S. 836, 30 L. Ed. 2d 68, 92 S. Ct. 122; *People v. Lomax* (1980), 89 Ill. App. 3d 651, 658-59, 411 N.E.2d 1212, 1217.) The proper remedy is not to exclude all evidence following the arrest (*People v. Hornal* (1975), 29 Ill. App. 3d 308, 316, 330 N.E.2d 225, 231) but to exclude all evidence that directly flowed from the improper arrest. (*Wong Sun v. United States* (1963), 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407.) Assuming the defendant's arrest was improper because of a lack of probable cause, none of the evidence herein specified by the State flowed from that arrest.

First, the videocassette recorder was found before defendant was arrested and independently from him. Nothing defendant said or did during his arrest led the police to the videocassette recorder. Thus the discovery of the videocassette recorder did not directly flow from the improper arrest. See *People v. Lomax* (1980), 89 Ill. App. 3d 651, 659, 411 N.E.2d 1212, 1217.

Similarly the defendant's palm prints were in the police file prior to defendant's arrest and thus did not flow from the arrest and should not be suppressed. *People v. Lomax* (1980), 89 Ill. App. 3d 651, 411 N.E.2d 1212.

The statements made by Sears personnel concerning the videocassette recorder likewise did not flow from defendant's arrest. Detective Dismore discovered a garbage bag in the bushes containing a Sears brand videocassette recorder. There was no sales receipt in the bag. Logically the police went to Sears to inquire about this videocassette recorder because of the brand name; hence, the statements made by Sears personnel did not stem from defendant's illegal arrest.

Additionally, the palm prints lifted from the videocassette recorder should not be suppressed. The police found the videocassette recorder in a garbage bag, apparently abandoned in a public place, and the dusting of the videocassette recorder for prints did not flow from the illegal arrest of the defendant. (*People v. Lomax* (1980), 89 Ill. App. 3d 651, 411 N.E.2d 1212.) Even if the defendant had not been arrested, the police would have inevitably discovered that the palm prints present on the videocassette recorder matched the police file prints belonging to defendant. As previously mentioned, the police

already had defendant's palm prints on file and, in all probability, would have checked the defendant's file prints because they had seen him at the mall that evening. See *Nix v. Williams* (1984), 467 U.S. 431, 81 L. Ed. 2d 377, 104 S. Ct. 2501.

■ Finally, we must consider whether defendant's post-stop statement denying knowledge about the package should be suppressed. The trial court found that the stop was a proper investigatory stop. (See *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) However, the trial court granted defendant's 1983 motion to quash arrest and suppress evidence. Defendant's motion requested among other things that "statements and utterances of the defendant during the detention and following the arrest" be suppressed. Therefore the statement that was made during defendant's detention was suppressed by the 1983 order and cannot be appealed at this time. See *People v. Dorsey* (1984), 129 Ill. App. 3d 128, 130, 472 N.E.2d 101, 103.

For the reasons stated above, we reverse in part and affirm in part the judgment of the circuit court of Jackson County and remand this cause for further proceedings consistent with this opinion.

Reversed in part, affirmed in part, and remanded.

KARNS and KASSERMAN, JJ., concur.